## MARY E. BORO
### vs.
## PATRICK J. ZAMPINI, ET AL.

Superior Court        Middlesex County        File #6791

Present:   Hon. ALFRED C. BALDWIN, Judge.

Carl F. Anderson;
Thomas C. Flood,                 Attorneys for the Plaintiff.

Israel Poliner,                  Attorney for the Defendants.

**MEMORANDUM FILED JUNE 29, 1936.**

BALDWIN, J.   This action is a result of a dispute between the parties as to the location of the plaintiff's northerly boundary being defendants' southerly boundary line.   The line is a straight line, it runs easterly and westerly and is sixty-nine feet, more or less, in length.

Defendants claim this line to be located southerly of the location claimed by plaintiff and defendants have constructed a concrete wall approximately four feet high and ten inches thick running easterly and westerly approximately seven feet. At the easterly end of this wall it runs northerly at approximately right angles approximately eighteen inches, to a brick pier which supports a corner of a porch on defendants' building, and at the westerly end of this wall it runs northerly

approximately at right angles some three or four inches to the southeasterly corner of the brick wall of defendant's building.

This concrete wall plaintiff claims to be located almost entirely upon her land, and claims a mandatory injunction requiring defendants to remove the wall and to fill an excavation made by them and quieting and settling title to the land between the disputed boundaries, and other relief and damages.

Upon the conclusion of the evidence the Court, in the presence of counsel, viewed the premises.

Each of the parties have buildings constructed upon their respective properties and they are constructed rather close to the boundary line.

Plaintiff received title to her land by quit-claim deed from her sister, Catherine C. Munde, which deed is dated April 19, 1906, and is recorded in Middletown Land Records, in Volume 135 at page 535, and Catherine C. Munde, who was formerly Catherine C. Boro, received title from the trustee of the insolvent estate of her father Andrew Boro under Trustee's Deed dated February 26, 1898, which deed is recorded in Middletown Land Records in Volume 126 at page 372.

Andrew Boro and his wife Margaret Boro received title by warranty deed from Daniel and Ellen Kelly dated August 24, 1892, which deed is recorded in Middletown Land Records in Volume 119 at page 651.

Defendants received title from the same grantors, Daniel and Ellen Kelly, by warranty deed dated July 10, 1906, which deed is recorded in Middletown Land Records in Volume 138 at page 38.

The space between these buildings at their westerly fronts is slightly less than two feet in width. At the easterly end of plaintiff's building this space is ninety-seven one-hundredths feet in width. The ground between these buildings slopes from the west downward to the east and the concrete wall constructed by the defendants substantially fills the space between the buildings at the easterly end of this space and causes water from the accumulation of storms to be collected, which, as a result, finds its way into plaintiff's cellar causing dampness, trouble and annoyance to plaintiff.

As hereinbefore stated, this boundary line is a straight line

It runs parallel with the southerly wall of the defendants' building and fifteen one-hundredths of a foot distant therefrom and the land located southerly of that line is land of the plaintiff and title thereto may be quieted and settled in the plaintiff.

The concrete wall hereinbefore described is largely upon plaintiff's land. A mandatory injunction requiring defendants to remove this wall, insofar as it encroaches upon plaintiff's land, and also, to refill any excavation there made, may issue.

Defendants' claimed reason for the construction of this wall I could not find to be made in good faith in any event. It was for a vexatious purpose rather than an honest purpose to add to their veranda.

The issues are found for the plaintiff and judgment may enter quieting and settling the title to the land and for a mandatory injunction as herein provided for.