## GEORGE A. COY
vs.
## ALVIN C. SMITH

Superior Court     New Haven County     File #54679

MEMORANDUM FILED OCTOBER 3, 1938.

Ephraim E. Sinn, of New Haven, for the Plaintiff.

Wiggin & Dana, of New Haven, for the Defendant.

CORNELL, J. The complaint is in three counts. The Court (McEvoy, J.) in its "Corrected Memorandum of Decision on Demurrer to Complaint," filed August 8, 1938, sustained the demurrer on file insofar as it applied to the first count and the second count, but overruled it insofar as it applied to the third count.

In so doing the Court ruled that the "time for subsequent pleadings should run from this date", which was August 5, 1938, "bearing in mind the qualification as to the time for proceeded during the vacation season, so-called." As to the first and second counts, defendant's motion, in effect asks that the plaintiff be nonsuited for failure to plead over "within the time limited by the rules of this court." That period commenced to "run" under Judge McEvoy's ruling from the first day of September, 1938, since the latter was made in August, 1938 (Practice Book [1934] §86).

Defendant predicates his motion upon the provisions of section 5510 of the General Statutes, Revision of 1930, and section 86, Practice Book (1934). The first of these provides: "In any civil action, upon the *overruling* of a demurrer, the party may plead over." It does not apply to the situation existent here, because, that, insofar as the first and second counts are concerned, had to do with the *sustaining* of defendant's

demurrer to the complaint and not with the defendant's pleading over but, with the plaintiff's right to amend his adjudgedly defective pleading.

Nor do the contents of section 86, Practice Book (1934) apply to the condition ensuing upon the sustaining of the demurrer. Except as to that part thereof which requires that "thereafter the pleadings . . . shall advance at least one step at the expiration of each successive period of ten days, until the same shall be closed", the section in question deals only with pleading on the part of the *defendant*. While the portion quoted applies to all parties to an action, it, by its terms, does so only after the defendant has filed his answer.

The question whether defendant is entitled to a nonsuit is to be determined not by plaintiff's failure to "plead over" but by his neglect or election not to amend his complaint found insufficient on demurrer. This is governed by section 5541 of the General Statutes, Revision of 1930, which provides that: "The plaintiff may amend any defect, mistake or informality in the . . . complaint . . . without costs, within the first thirty days of the court to which the action is returnable, and at any time afterwards on the payment of costs at the discretion of the court . . ." No specific period during which he is required to amend, is limited by the statute, nor by any rule of Court of which I am aware.

The reference to the period during which the plaintiff might be required to amend his complaint can hardly be interpreted as an order definitely limiting the time during which the plaintiff was required to do so. Rather it seems to indicate that in the Court's view that was determined by the provisions of section 86, Practice Book (1934), and that the statement was made to call attention to what was deemed to be the applicable provision as applied to the date fixed by the Court from which the time was to commence to run. As noted supra, the view here taken is that these provisions do not apply to the situation disclosed here. If that is so, then there is neither any statutory provision nor rule or order of the Court with which the plaintiff has failed to comply, the omission to observe which might furnish a cause for the entry of either a judgment of nonsuit or of default.

As respects the third count, the Court overruled the demurrer addressed thereto and while indicating its desire that the complaint be amended, nevertheless, refrained from making

a definite order fixing the time within which such amendment should take place. If the expression used may be said to be capable of a specific order, then for the reason already noted there is a lack of a definite time named during which the order is required to be complied with.

For the reasons discussed, the motion for judgment is denied. An order may enter (1) that plaintiff file any amendment to the first and second counts, respectively, which he may wish to make, on or before the 21st day of October, 1938, in default of compliance with which he shall suffer judgment as respects either or both of said counts, as the case may be. As respects the third count, defendant may move, if he so elects, on or before the 15th day of October, that the plaintiff amend the same by making it more specific in such details as the defendant shall specify.