[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE AMENDED COMPLAINT
ISSUE
Should the defendants' Motion to Strike the Amended Complaint in its entirety under Conn. Practice Book Section 157 or Section 176, or in the alternative, to strike each of the four counts individually be granted?
FACTS
The plaintiff, Sharon Allard, filed a five count complaint on August 10, 1989 against Johnson Memorial Hospital, her former employer, Susan Slater, her former supervisor, and Stephen Torla, the Hospital's Vice President for Human Resources. The plaintiff alleged in the first count that the defendant Hospital breached an implied contract of employment. The second count alleged intentional infliction of emotional distress against the Hospital and Slater, Count III, directed at the Hospital and Slater, alleged negligent infliction of emotional distress. Count IV alleged that Slater intentionally interfered with the implied contract of employment and claimed that the Hospital was liable for Slater's interference under the doctrine of respondeat superior. The plaintiff alleged in the fifth count that Torla had violated Conn. Gen. Stat. Sec. 31-128f
which provides that no individually identifiable information contained in an employee's personnel file shall be disclosed by an employer without the employee's written authorization. Pursuant to the defendants' Request to Revise filed November 2, 1989, the plaintiff filed an Amended Complaint on December 6, 1990.
The defendants moved to strike all five counts of the Amended Complaint by papers filed January 29, 1990. By order dated March 5, 1990, the court (Spada, J.) granted the defendants' Motion as to Counts II, III and V and denied the motion as to Count I. The court ordered that the Motion to Strike be treated as a request to revise as to Count IV and CT Page 903 sustained the request to revise. The court also struck all related prayers for relief.
The plaintiff filed a second Amended Complaint on April 5, 1990. The Amended Complaint consisted of four counts. Count I, the only count from the plaintiff's previous Amended Complaint which was not ordered striken or revised, became Count I of the plaintiff's second Amended Complaint. However, the plaintiff amended the first count to include an allegation that the Hospital "violated its implied covenant of good faith and fair dealing." Count II of the Amended Complaint alleged that the Hospital had violated Conn. Gen. Stat. Sec. 31-128f. Counts III and IV alleged intentional interference with the implied employment contract by defendants Slater and Torla, respectively.
The defendants filed a Motion to Strike the Amended Complaint on April 18, 1990, alleging that the Amended Complaint was untimely under Conn. Practice Book Sec. 157, or alternatively, under Conn. Practice Book Sec. 176. The defendants also sought in the alternative to have each count stricken. The defendants filed a memorandum of law in support of their motion. On June 27, 1990 the plaintiff filed a Memorandum in Opposition to Defendants' Motion to Strike. The parties' oral argument on the motion were heard before this court on July 2, 1990.
DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Book Sec. 152 (rev'd to 1978, as updated October 1, 1989); see Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). An individual paragraph contained in a complaint is not the proper subject of a motion to strike unless it embodies an entire cause of action. Depray v. St. Francis Hospital,2 CSCR 691 (June 9, 1987, Dorsey, J.).
In ruling on a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
I. Entire Complaint CT Page 904
The defendants argue that the entire Amended Complaint should be stricken on the grounds that the complaint was not filed within the fifteen day period for repleading under Conn. Practice Book Sec. 157. The plaintiff claims that since only a portion of the complaint was stricken and since the motion to strike was treated as a request to revise as to a portion of the complaint the filing of the Amended Complaint within thirty days of the court's order was timely.
Conn. Practice Book Sec. 157 provides:
 Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint.
Connecticut Superior Court decisions have held that a party whose pleading has been stricken may be allowed to file a new pleading after the fifteen day period in Section 157 has elapsed. D'Amato v. Carpenter and Chapman, Inc., 4 CSCR 103
(December 14, 1988, Purtill, J.), see Loe v. Niland,3 CSCR 923, 924 (November 2, 1988, Healey, State Trial Referee); see also Coy v. Smith, 6 Conn. Sup. 381 (1938). (If only a portion of a party's complaint is stricken, the party's option to replead is not limited to fifteen days). To allow the late filing of a substituted pleading falls within the discretion of the court. D'Amato, 9 CSCR at 103; see Loe, 3 CSCR at 924. To allow the plaintiff to file her Amended Complaint after the fifteen day period would not be prejudicial or harmful to the defendants in any way. It is improper to characterize plaintiff's Amended Complaint as anything but a pleading filed in response to the court's order of March 5, 1990, making it unnecessary to consider the defendants' argument that the pleading is an improper and untimely amendment under Conn. Practice Book Sec. 175 and 176. The defendants' Motion to Strike the entire complaint as untimely is denied.
Count I
The defendants argue that Count I of the Amended Complaint should be "partially stricken." The defendants assert that the plaintiff's amended Count I is not simply a reiteration of the Count I that survived the defendants' CT Page 905 first Motion to Strike, but is substantially altered to include a tort claim for breach of the implied covenant of good faith and fair dealing as well as the breach of implied contract claim originally set forth in the complaint. The defendants contend that this is an inclusion — of a wholly separate and new cause of action not previously before the Court which is improperly pled in a single count along with the contract claim. The plaintiff argues that Count I of the Amended Complaint is substantially the same as Count I of the original complaint and does not add a new cause of action.
A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 560 (1980); see Gallo v. G. Fox Co., 148 Conn. 327, 330 (1961); see also Veits v. Hartford, 134 Conn. 428, 434 (1948). The claim of a breach of an implied contract and a breach of a covenant of good faith and fair dealing allegedly contained within that implied contract arise from substantially the same group of facts. If the court finds that the two claims constitute a single cause of action, the defendants' Motion to Strike only the portion of Count I dealing with the breach of an implied covenant of good faith and fair dealing may be denied because an individual paragraph, or, in this case, phrase contained in a complaint is not the proper subject of a motion to strike unless it embodies an entire cause of action. Depray v. St. Francis Hospital, 2 CSCR 691 (June 9, 1987, Dorsey, J.); see Donovan v. Davis, 85 Conn. 394, 397 (1912).
The defendants also assert that the cause of action for breach of an implied covenant of good faith and fair dealing sounds principally in tort and lies where the defendant by discharging the plaintiff has engaged in financial overreaching or has violated some important public policy. See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471
(1980); Magnan v. Anaconda Industries, Inc., 193 Conn. 558
(1984). The defendants claim that the portion of the plaintiff's Amended Complaint regarding a breach of an implied covenant of good faith and fair dealing must be stricken because the complaint does not allege that the defendants, by discharging the plaintiff, violated any important public policy or engaged in any financial overreaching. The plaintiff argues that she is not alleging any tortious conduct by the defendants in Count I. She asserts that "Count I is premised on the fact that there is an implied covenant of good faith and fair dealing in every contract. This contract existed due to the lack of any at-will language in the Employment Handbook given to Plaintiff." CT Page 906
In Magnan, 193 Conn. 558, the court held that an employee hired under a contract of indefinite duration cannot maintain a cause of action in contract for breach of an implied covenant of good faith and fair dealing based wholly upon a discharge without just cause. The court in Magnan stated, "[w]hile we see no reason to exempt employment contracts from the implication of a covenant of good faith and fair dealing in the contractual relationship, we do not believe that this principle should be applied to transform a contract of employment terminable at the will of either party into one terminable only at the will of the employee or for just cause." Magnan, 193 Conn. at 568-69. The court held:
 Although we endorse the applicability of the good faith and fair dealing principle to employment contracts, its essence is the fulfillment of the reasonable expectations of the parties. Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction. We see no reason presently, therefore, to enlarge the circumstances under which an at-will employee may successfully challenge his dismissal beyond the situation where the reason for his discharge involves "impropriety . . . derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc., supra, 475. Whether a claim resulting from such a discharge is framed in tort or in contract should make no difference with respect to the issue of liability.
Magnan, 193 Conn. at 572; see Morris v. Hartford Courant Co.,200 Conn. 676, 679 n. 2 (1986).
However, "[f]or those employees not protected by collective bargaining agreements, civil service statutes or other laws, the courts have occasionally found an implied promise to discharge only for cause in the circumstances of particular employment relationships. Sometimes the promise has been found in the representations contained in an employee relations manual or handbook." Magnan,193 Conn. at 564; see Finley v. Aetna Life Casualty Co., 202 Conn. 190,198 (1987).
The plaintiff in this case alleged in the Amended Complaint that the application form which she completed and CT Page 907 signed upon seeking employment at the Hospital contained no representations of at-will employment. The plaintiff further alleged that the Employee Handbook which she was given provided the terms and conditions of her working relationship with the Hospital and that policies in the Handbook "implied that skill and good performance would earn merit increases and continued employment." The plaintiff alleged that "[t]he foregoing assurances, lack of language limiting the employment relationship to at-will employment in any and all documents to which plaintiff was privy, lack of alternatives to the aforementioned Employee Handbook, plaintiff's consistently good appraisals, salary increases, and her many years of acknowledged excellent service, created a reasonable expectation of continued employment and job security for plaintiff." The complaint stated that the plaintiff was "denied job retention on the basis of merit as promised and relied upon," and that the defendants' action in forcing the plaintiff to sign a resignation statement that failed to state the true reasons for her dismissal was not a good faith exercise of the defendants' duties as an employer.
Viewing the facts alleged in the complaint most favorably to the plaintiff, the defendants' Motion to Strike that portion of the Amended Complaint regarding a breach of an implied covenant of good faith and fair dealing is denied because the plaintiff has in her allegations in Count I expressly denied that her employment at the Hospital was terminable at will. The plaintiff has stated a cause of action for breach of an implied contract of employment and the implied covenant of good faith and fair dealing contained therein based upon provisions in her employment handbook that her employment would continue as long as her "good performance" continued. The holdings in Sheets and Magnan are inapplicable because the plaintiff has alleged that her employment at the Hospital was not terminable at will. Accordingly, the plaintiff need not allege facts showing that the defendants violated any important public policy or engaged in any financial overreaching in order to state a legally sufficient claim. The defendants' Motion to Strike a portion of Count I is denied on substantive as well as procedural grounds.
COUNT II
The defendants argue that Count II of the Amended Complaint which alleges a violation of Conn. Gen. Stat. Sec.31-128f regarding disclosure of information contained in a personnel file without the employee's written authorization, should be stricken as to defendant Torla because he is a supervisor or co-employee rather than an employer. The CT Page 908 defendants further argue that the plaintiff's attempt to cure the insufficiency in the count of the first amended complaint which was stricken by her "bald unadorned assertion. . ." that Torla's alleged comments were made "by examining information contained in plaintiff's personnel file" is insufficient in that "good faith, meaningful pleading requires something beyond the mere rote-like recitation of statutory `magic words'" in order to survive an attack on the legal sufficiency of a claim.
The plaintiff argues that Count II clearly runs only against the Hospital. The plaintiff further argues that the facts will, if proven, support a cause of action.
The plaintiff may restate a complaint after it has been stricken by supplying an essential allegation. Alarm Applications Co., Inc. v. Simsbury Volunteer Fire Co., Inc., 179 Conn. 541, 551-52 n. 4 (1980). The allegations of the pleading involved are entitled to the same favorable construction a trier would give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail. Mingachos, 196 Conn. at 108-9; see Alarm Application Co., Inc., 179 Conn. at 545.
The plaintiff need not prove the facts alleged in the complaint at this stage of the pleadings. The plaintiff has supplied an essential allegation which, if proven, will support a cause of action. Count II of the Amended Complaint asserts a claim only against the Hospital, not against defendant Torla. The defendants' Motion to Strike Count II is denied.
COUNTS III and IV
The defendants argue, in a footnote, that if Count III is viewed as a response to the request to revise Count IV as the court ordered on March 5, 1990, then Count III is defective as an untimely response to that request to revise under Conn. Practice Book Sec. 149 as well as under Sec. 157.
Conn. Practice Book Sec. 149 provides that a request to revise shall be deemed to have been automatically granted by the court on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing unless within thirty days of the filing the party to whom it is directed files an objection. Section 149 further provides that if the court overrules the objection, a substitute pleading in compliance with the court order shall CT Page 909 be filed within fifteen days of the order.
The proper procedure in cases where a party has failed to comply with a request to revise is to file a motion for default or nonsuit pursuant to Conn. Practice Book Sec. 363. Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370,378 n. 12 (1984). Since the defendants did not move that the plaintiff be defaulted or nonsuited for her failure to comply with the court's order and the plaintiff has now complied with the order, the defendants' argument in footnote 3 of its Motion to Strike that Count III of the Amended Complaint is defective is not a proper subject of a motion to strike.
The defendants claim that the plaintiff, in Counts III and IV, which allege intentional interference with her implied employment contract against defendants Slater and Torla, respectively, merely reiterates claims previously stricken. The defendants allege that the plaintiff has, as in Count II, merely made cosmetic changes and has attempted to use "magic words" to justify repleading a claim already found wanting by the Court. The plaintiff claims her complaint was amended to allege facts representative of the defendants' malice, which are necessary to state a claim for interference.
The plaintiff has merely supplied essential allegations and the complaint, as amended, states a cause of action for intentional interference with an implied contract of employment. For the same reasons cited in the discussion regarding Count II above, the defendants' Motion to Strike Counts III and IV is denied.
Conclusion
The defendants' Motion to Strike is denied.
JACKAWAY, J.