WADE'S DAIRY, INC., ET AL. *v.* TOWN OF FAIRFIELD ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued June 3—decision released July 22, 1980

*Donal C. Collimore,* for the appellants (plaintiffs).

*Aaron B. Schless,* for the appellees (defendants).

BOGDANSKI, J. The plaintiffs brought this action seeking injunctive relief to restrain the defendant town of Fairfield and its zoning enforcement officer from interfering with the continued operation of the plaintiffs' dairy business.

The Wade family[1] has owned and operated a dairy on the subject property since prior to 1925 when the town of Fairfield enacted zoning regulations which resulted in the property being zoned residential. The Fairfield zoning regulations, however, permitted nonconforming uses to continue subject to the proviso that "[n]o nonconforming use of land, buildings and other structures shall be changed to another use unless such new use is substantially the same in nature and purpose as the original nonconforming use or is a conforming use."

At some point prior to 1963 Wade's Dairy began processing fruit flavored drinks on the subject property. In September of 1975 the defendant zoning enforcement officer issued a cease and desist order based upon a determination that the processing of fruit flavored drinks was a nonpermitted use and an enlargement of the permitted nonconforming use of processing and distributing dairy products.[2]

---

[1] The individual plaintiffs, Ray, Douglas and Donald Wade, acquired title to the subject property from their parents, Howard and Ida Wade, who began operating a dairy business there in 1917.

[2] Section 8-12 of the General Statutes provides: "If . . . any building . . . has been used, in violation of any provision of [chapter 124] or of any . . . rule or regulation made . . . , any official having jurisdiction, in addition to other remedies, may institute an action . . . to restrain, correct or abate such violation or to prevent the occupancy of such building . . . ."

Pursuant to § 8-6 (1) of the General Statutes[3] the plaintiffs appealed to the Fairfield zoning board of appeals for a reversal or modification of the cease and desist order. From the denial of their application, the plaintiffs appealed to the Court of Common Pleas.[4]

In December of 1975 the plaintiffs filed an application for a variance with the zoning board of appeals[5] requesting permission to process fruit flavored drinks on the subject property. From the board's denial of their application, the plaintiffs appealed to the Court of Common Pleas.

In November of 1977, the trial court dismissed the plaintiffs' appeals in both actions on the ground that the zoning board of appeals had not acted "illegally or arbitrarily or in abuse of the discretion vested in it" in not reversing or modifying the cease and desist order and in not granting an extension or enlargement of a nonconforming use on the subject property. The plaintiffs' petitions for certification for appeal were subsequently denied by this court. *Wade's Dairy, Inc.* v. *Zoning Board of Appeals,* 175 Conn. 757, 386 A.2d 263 (1978).

[3] Section 8-6 (1) of the General Statutes provides that the zoning board of appeals shall have the power to hear and decide appeals from any order of the official charged with the enforcement of zoning regulations.

[4] General Statutes .§ 8-8 provides in relevant part: "Any person . . . aggrieved by any decision of [the zoning board of appeals] . . . may . . . take an appeal to the superior court . . . ." (The Court of Common Pleas was merged with the Superior Court. See 1976 Public Acts, No. 76-436.)

[5] General Statutes § 8-6 provides in relevant part: "The zoning board of appeals shall have the following powers and duties: . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent . . . ."

In June of 1978 the plaintiffs brought the action which is the subject of this appeal. By way of special defense the defendants raised the two prior actions involving the plaintiffs as res judicata.[6] Although recognizing that the action was "merely a reassertion [sic] of the plaintiffs' previously adjudicated claims," the trial court did not render judgment for the defendants on the basis of res judicata but on the ground that there was no conduct on the part of the defendants which would bar them from enforcing the zoning regulations.

The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.[7] *State ex rel. Campo* v. *Osborn*, 126 Conn. 214, 218, 10 A.2d 687 (1940); 46 Am. Jur. 2d, Judgments § 394, pp. 558–59. The doctrine is but a manifestation of the recognition that endless litigation leads to confusion or chaos. To prevent multiplicity of actions equity will enjoin further litigation of a cause of action which has already been adjudicated. *Local 1219* v. *Connecticut Labor Relations Board,* 171 Conn. 342, 355, 370 A.2d 952 (1976). If the same cause of action is again sued on, the judgment is a bar with respect to any claims relat-

[6] The defense of res judicata must be specially pleaded. Practice Book, 1978, § 120. *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 553, 219 A.2d 225 (1966).

[7] The doctrine of res judicata applies to a judgment rendered by a court on review of a decision made by an administrative body. *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 318, 307 A.2d 155, cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); 46 Am. Jur. 2d, Judgments § 455, p. 625.

ing to the cause of action which were actually made or which might have been made. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778 (1952).

The doctrine of res judicata applies to a judgment at law even though the subsequent action is one in equity. *Bill* v. *Gattavara,* 34 Wash. 2d 645, 650, 209 P.2d 457 (1949); 46 Am. Jur. 2d, Judgments § 469, p. 635. Although the methods of presenting and determining controversies and facts on which they arise may differ in equity and at law, so long as the identity of the controversy can be discerned, the adjudication in one court is conclusive on the other. Thus, it is generally held that a matter which is available as a defense to an action at law becomes res judicata by the judgment rendered therein, and may not be made the predicate of equitable relief. Indeed, it is not the form a ruling assumes, nor how induced, but the substance that lays the cornerstone for res judicata. *Sibold* v. *Sibold,* 217 Or. 27, 32, 340 P.2d 974 (1959); 46 Am. Jur. 2d, Judgments § 457, p. 627.

A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. *Veits* v. *Hartford,* 134 Conn. 428, 434, 58 A.2d 389 (1948). Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action. *Bridgeport Hydraulic Co.* v. *Pearson,* supra, 198.

The cause of action that the plaintiffs are asserting is the same as that upon which they relied in their appeal from the zoning board of appeals' refusal to modify the cease and desist order and in their appeal from the zoning board of appeals'

denial of their application for a variance. All of the actions have been premised on their claimed right to continue producing and distributing fruit flavored drinks either because such use of the subject property does not constitute an enlargement of a nonconforming use or because the defendants are estopped from interfering with their business.

The fact that the town of Fairfield and the zoning enforcement officer, the defendants in this action, were not named in the two previous actions does not preclude the application of the doctrine of res judicata inasmuch as the zoning board of appeals was clearly created to carry out the mandates of the town as they pertain to zoning matters. See General Statutes §§ 8-1 through 8-13a.

Since they represent not their own rights but the rights of the municipality the agents of the same municipal corporation are in privity with each other and with the municipality. When a judgment is rendered against an officer of a municipal corporation who sues or is sued in his official capacity, the judgment is binding upon the corporation, and upon other officers of the same municipal corporation who represent the same interest. *McKinney* v. *East St. Louis,* 39 Ill. App. 2d 137, 188 N.E.2d 341 (1963); 56 Am. Jur. 2d, Municipal Corporations § 874, p. 852.

We therefore conclude that the plaintiffs' action for an injunction is barred by the doctrine of res judicata.

There is no error.

In this opinion the other judges concurred.