[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff corporation ("JWB") in its revised complaint dated August 20, 1989 alleges that JWB was during all of the pertinent time a Connecticut corporation, with never more than three stockholders; that John C. Wilson, III, is now the sole stockholder in JWB, but at the pertinent time he owned at CT Page 2511 least 45% of the stock; that at the pertinent time defendant Sharon F. Wilson owned 45% of the stock and defendant Francis C. Heffernan owned 10% of the stock; that Sharon F. Wilson and Francis C. Heffernan conspired to take over the operations of JWB and removed John C. Wilson, III as an officer of the company; that said defendants bilked the company of its assets; that the 1987 income tax returns for JWB were never prepared; that books and records of JWB have been removed from the offices of JWB and not returned; that accounts remain unpaid; that said defendants breached their duties to the corporation; that said defendants caused JWB to go out of business; and that said defendants committed fraud, collusion or gross mismanagement of the corporation.
Said complaint further alleges that on or about June 30, 1988, John C. Wilson, III was divorced from Sharon F. Wilson and that the court heard not only the divorce, but also several civil suits, including CV 86-0320133S, called John C. Wilson, III v. J. Watson Beach Real Estate Co., Sharon F. Wilson, and Francis C. Heffernan. The plaintiff herein states that on June 29, 1988, the court in the divorce action (Judge Barall) ruled (in regard to file CV 86-0320133S) that the plaintiff therein (John C. Wilson, III) "shall have judgment and that Sharon F. Wilson shall turn over to the plaintiff her stock in JWB and deliver to him the property of the corporation in her possession." The plaintiff corporation in the present action seeks:
1. Judgment winding up the business and affairs of JWB.
2. An accounting by Sharon F. Wilson and Francis C. Heffernan of the affairs and accounts of the corporation.
3. Restitution of the monies taken from the corporation.
4. Money damages.
5. An equitable distribution of the worth of the corporation, after restitution.
6. Legal fees and costs.
7. Such other legal and/or equitable relief as the court deems appropriate.
The defendants seek summary judgment claiming that the same claims were litigated and/or decided during the divorce action. It is clear that the case of John C. Wilson, III v. J. Watson Beach Real Estate Co., Sharon F. Wilson, and Francis CT Page 2512 C. Heffernan (CV 86-0320133S) was consolidated with the divorce action and heard at the same time. The question before the court is whether res judicata applies.
"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the he cause of action which were actually made or which might have been made." Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559, citing Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 196.
The complaint in the prior action (CV 86-0320133S) was brought by John C. Wilson, III as a shareholder against J. Watson Beach Real Estate Co., Sharon F. Wilson, and Francis C. Heffernan. John C. Wilson, III at the time owned 45% of the stock in JWB, Sharon F. Wilson owned 45% of the stock, and Francis C. Heffernan owned 10% of the stock.
The complaint alleged:
— That John C. Wilson, III was a stockholder of JWB.
— That Sharon F. Wilson was an officer, director and shareholder of the corporation.
— That John C. Wilson, III owned at least one-tenth of the stock in JWB.
— That Sharon F. Wilson acting in concert with a minority shareholder, acted to remove the plaintiff as an officer of the corporation.
— That there was fraud, collusion or gross mismanagement in the conduct or control of the corporation.
— That Sharon F. Wilson breached her fiduciary duties to the plaintiff.
— That in accordance with Connecticut General Statutes sec. 33-382 it was necessary to wind up and dissolve the corporation to protect the rights of John C. Wilson, III.
The plaintiff in that action sought:
1. The appointment of a receiver. CT Page 2513
2. A decree winding up and dissolving the corporation.
3. An accounting.
4. An appraisal of the value of plaintiff's stock.
5. Equitable distribution of the net worth of the corporation.
6. Such other relief, legal or equitable, as the court may deem appropriate.
A study of the two complaints indicates that most of the same allegations were pled in each case, namely that there was fraud, collusion, gross mismanagement, and breach of fiduciary duties, together with removal of John C. Wilson, III as an officer of the corporation. Both cases seek or sought a winding up of the corporation, an accounting, and an equitable distribution of the net worth of the corporation.
Although the complaint in the two actions contain many of the same allegations, it is not clear from the documents presented to the court that all of the same issues were actually litigated and/or decided in the prior case. If the same parties were involved in each case, it could be argued that the prior judgment would be a bar with respect to any claims relating to the cause of action which might have been made. However, the plaintiff herein is a corporation, whereas the plaintiff in the prior action was an individual. The corporation, not being a party in the prior action, should not be bound by any issues which were not litigated. Further, it is not clear to this court that the court in the prior action actually decided all the requests made by the individual plaintiff. For example, from the documents presented to this court it is not clear whether or not the prior court ordered an accounting or a decree winding up and dissolving the corporation.
For the above reasons, the motion for summary judgment is denied.
FRANCES ALLEN SENIOR JUDGE