[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (140)
Plaintiff Irwin A. Schiff filed this legal malpractice against the defendant on February 9, 1988. In his complaint the plaintiff alleges that the defendant committed legal malpractice in representing the plaintiff in a Federal criminal action on both the trial and appellate level. The plaintiff was found guilty after trial in the Federal District Court and the conviction was affirmed on appeal to the Second Circuit. Thereafter on May 11, 1988, the plaintiff filed a petition for habeas corpus pursuant to28 U.S.C. § 2255 claiming ineffective assistance of counsel. The petition was denied May 15, 1989.
The defendant, John R. Williams has moved for Summary Judgment in his favor asserting that the plaintiffs claim is barred by the principle of collateral estoppel inasmuch as plaintiff unsuccessful asserted a claim of ineffective assistance of counsel in the prior post conviction (habeas corpus) proceeding.
For the purposes of this motion, the defendant does not dispute the substantive facts set forth in the plaintiff's one-count complaint. In April 1985 the plaintiff, Irwin A. Schiff, hired the defendant, John R. Williams, to defend him against federal charges of attempted tax evasion (three counts) and willful failure to file a corporate tax return (one count). Trial was held in United States District Court for the District of Connecticut, Dorsey, Peter C., J. On October 25, 1985, a jury found the plaintiff guilty on all four counts. The plaintiff appealed, arguing that the trial court incorrectly charged the jury. The United States Court of Appeals affirmed the plaintiff's conviction, United States v. Schiff, 801 F.2d 108 (2d Cir. 1986), cert. denied, 480 U.S. 945 (1987). The plaintiff was sentenced to three years of incarceration and to three years of probation.
On May 11, 1988, the plaintiff, with new counsel, filed a petition in federal court for habeas corpus relief, claiming that he was denied effective assistance of counsel as guaranteed to him by the sixth amendment of the U.S. Constitution. See D.N. Civil No. N-88-223. The court, Dorsey, Peter C., J., held a hearing and on May 15, 1989, denied the plaintiff's request. (See Ruling on Petition for Writ of Habeas Corpus attached to defendant's memorandum in support of summary judgment [hereinafter "Ruling"]).
The plaintiff, pro se, filed the present legal malpractice suit on February 9, 1988. He alleges that the defendant negligently handled the plaintiff's criminal trial and appeal in several ways and that as a result, he has incurred monetary losses through lost business ventures and has suffered damages sounding CT Page 1073 in emotional distress. After numerous revisions to the complaint, the defendant answered on April 17, 1989. The defendant did not assert any special defenses. On October 15, 1990, the defendant moved for summary judgment, arguing that the plaintiff's legal malpractice claim is barred by collateral estoppel principles. The defendant submitted a memorandum in support of summary judgment and a copy of the decision denying the plaintiff habeas corpus relief. A hearing was held at short calendar on December 10, 1990 at which time the plaintiff submitted a memorandum in opposition to summary judgment and various exhibits. The pleadings between the parties are closed.
The defendant argues that the plaintiff did not timely file his opposing memorandum. Section 380 of the Practice Book requires the memorandum to be filed prior to short calendar. If the defendant had requested the court to postpone the hearing, the court could have done so: otherwise, the court may waive the untimely filing. See Pepe v. New Britain, 203 Conn. 281, 288
(1987). The court waives the defective filing.
The court notes that a defendant must plead res judicata or collateral estoppel as a special defense; otherwise no evidence on the defense may be proffered in the suit. Conn. Prac. Bk. 164 (1978, rev'd to 1989). However, the plaintiff did not object to the defendant's failure to so plead and did not object to the introduction of evidence submitted to support such a defense in the summary judgment documents or at the hearing. "[T]he failure to file a special defense may be treated as waived when no objection has been raised to the offer of evidence on the issue." Pepe, 203 Conn. at 286. The court finds the plaintiff has waived the right to object to the introduction of evidence on the issue of collateral estoppel.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989).
1. Collateral Estoppel
The defendant argues in support of summary judgment that collateral estoppel effect should be given to the judgment denying the plaintiff habeas corpus relief.
 Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit. . . . For an issue to be subject to collateral estoppel, it must have been actually decided CT Page 1074 and the decision must have been necessary to the judgment.
Virgo v. Lyons, 209 Conn. 497 (1988). "If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." Wade's Dairy, Inc. v. Fairfield,181 Conn. 556, 559 (1980); Lehto v. Sproul, 9 Conn. App. 441, 444
(1987).[1] State v. Ellis, 197 Conn. 436, 463, 464. (note 4)[5]
It is necessary to determine what the federal district court addressed and decided in its ruling on the petition for habeas corpus to assess whether collateral estoppel effect should be given to that ruling. Although the plaintiff argued various reasons for habeas corpus relief at his hearing, the court said that he "expressly restricted his claim to inadequate representation by counsel." Ruling, p. 1. The court decided the petition on the ineffective assistance ground only.[2] Plaintiffs post hearing opening brief on his petition for writ of habeas corpus stated "Ineffectiveness of counsel is the basis of defendant's petition for writ of habeas corpus."
 "The two respects in which such error is alleged to have occurred are:
 1. With respect to the government's offer of claims of redeposits by petitioner in the amount of approximately $25,000.
 2. The absence of a challenge to the charge at trial and on appeal as it permitted the jury to consider proof of concealment in support of the charge of evasion."
The plaintiff was convicted of three counts of attempted tax evasion and one count of failure to file a corporate tax return. The three tax evasion counts will be considered separately from the single failure to file count.
i. Counts One, Two and Three — Attempted Tax Evasion.
The plaintiff argued in support of habeas corpus relief that the defendant committed two errors. First the plaintiff argued that the defendant was negligent in that he failed to tell the jury that the plaintiff deposited $25,000 in cash in a domestic bank account to rebut testimony by a prosecution witness that the plaintiff concealed money in foreign bank accounts and that the defendant failed to cross-examine the government's witness. In ruling on this alleged error, the court said: CT Page 1075
 [t]rial counsel has not been shown to have been ineffective . . . as counsel would not have improperly declined to cross-examine the witness as to the redeposit method. Several sound strategies may have been involved in his decision and his conduct is presumed to be reasonable. It cannot be said that the decision of trial counsel thus fell below the reasonable standard required. [Washington v.] Strickland, 466 U.S. 668, 687-89 (1984). Ruling, p. 4.
Second, the plaintiff argued that the defendant was negligent in that he failed to object at trial and on appeal to a jury charge that allegedly allowed the jury to impermissibly consider non-affirmative acts to support a tax evasion conviction. In its analysis of this alleged error, the court said:
 [Counsel] raised Spies [v. United States, 317 U.S. 492 (1943)] by a timely request to charge. The requested charge was based on Spies and would have required the jury to find an affirmative act of evasion, beyond the mere failure to file a return. At the time of the jury's question regarding concealment, counsel focused not on the affirmative act issue as discussed in Spies, but rather on the issue of whether the charge conformed to the indictment's restrictions on proof of evasion. Similarly, he presented the latter issue to the Court of Appeals. Thus, the issue was not clearly nor correctly presented to the court and, in turn, to the jury. . . . By focusing on the indictment claim, counsel induced the answer to the jury in terms of the pleading issue. Consequently, the principle of Spies was not then addressed. . . . Thus, both the argument and the answer to the jury's question failed to focus on the more significant aspect of the issue, the requisite element of an act of concealment other than the failure to file and failure to pay. Ruling, pp. 6-7.
Nevertheless, the district court did not consider the defendant's error to have risen to the level of ineffective assistance of counsel.
 Counsel's failure to take exception to the charge on this issue was not total since his CT Page 1076 Request to Charge in this regard were correct and preserved his posture on appeal. That other counsel would have done differently is not proof of such an abject failure to raise relevant legal issues as to fail to meet the standard of Strickland. The decision on appeal substantiates the finding here that petitioner has not proven counsel's failure to comport with the standard of Strickland. Ruling, pp. 7-8.
In the present legal malpractice suit, the plaintiff alleges that the defendant committed the two errors set forth in his habeas petition and, additionally, he alleges that the defendant committed many negligent acts and omissions in connection with the trial and appeal that were not argued at habeas corpus.[3]
As to the two alleged errors previously raised, the plaintiff argues that collateral estoppel effect should not be given to the habeas judgment because he did not have a full and fair opportunity at the habeas proceeding to litigate the issue of the defendant's negligence.
The plaintiff, with retained counsel, filed a habeas corpus petition setting forth his arguments, appeared at a hearing to orally present his arguments and presented expert testimony on the issue of the defendant's alleged negligence. The defendant did not testify at the habeas proceeding, however, no argument has been proffered that the defendant could not have testified there.
The district court decided the issue of the defendant's negligence, its decision was necessary to the judgment and that the judgment is final[4] and on the merits. Accordingly, the plaintiff should be precluded from relitigating the issue of the defendant's negligence in the present legal malpractice suit. As to the alleged errors the plaintiff did not raise at the habeas proceeding, the plaintiff argues that he should not be precluded from raising those alleged acts and omissions because the habeas lawyer "believed that these two issues [the above two errors] were alone sufficient to establish ineffective counsel . . . he believed that we would not have the time, at a limited habeas corpus hearing, to go into all of the areas of negligence committed by Williams." Plaintiff's Memorandum, p. 10. However, issues or claims raised in a subsequent suit will be precluded if they could have been raised in the earlier suit. Wade's Dairy,181 Conn. at 559. State v. Ellis, supra, 464. For this reason the plaintiff should be precluded from litigating defendant's negligence in the legal malpractice suit because he could have pled all allegations of negligence at the habeas corpus proceeding. Therefore, the court concludes that the defendant's motion for summary judgment CT Page 1077 should be granted and does hereby grant the motion as to counts one, two and three of the plaintiff's conviction.
ii. Count Four — Willful failure to file corporate tax return.
In its habeas ruling under count four of the plaintiff's conviction, the court determined that the plaintiff did not properly contest the validity of the sentence (probation) imposed for failure to file a corporate income tax return. "As his petition raises no challenge to the legal validity of his probation ordered on the conviction under the fourth count, that probation would stand in any event and bar his release from probation as his petition requests." Ruling, p. 3, n2. Nevertheless, the court also said that the alleged errors committed by the defendant would not vitiate the conviction on the fourth count.
The court concludes that this statement was not necessary to the court's ruling because the plaintiff failed to challenge his sentence as to the fourth count, as stated above. The court finds that determining whether the defendant was negligent as to the conviction on the fourth count was not necessary to the court's decision to deny the plaintiff habeas corpus relief. Since an issue must have been necessary to resolve the first suit for the judgment to be given preclusive effect. No collateral estoppel effect should be given to the habeas corpus denial insofar as it purports to determine the effectiveness of counsel as to the conviction under the fourth count of the indictment. Therefore summary judgment is denied on the issue of the defendant's negligence regarding the alleged errors raised in the habeas proceeding as to count four.
2. Second Argument — Damages
The defendant also argues in support of summary judgment that the plaintiff has not suffered damages sufficient to succeed in a legal malpractice suit. The defendant argues that the plaintiff would have been convicted even if he did not make the alleged mistakes that the plaintiff now claims the defendant made, and therefore, the defendant's alleged mistakes are not the proximate cause of the defendant's conviction.
The plaintiff argues that he would not have been convicted but for the defendant's mistakes. Whether the plaintiff would have been convicted if the defendant had not committed the alleged mistakes is a question of fact for the trier of fact and a question not appropriately decided as a matter of law on a motion for summary judgment. CT Page 1078
Because summary judgment has been granted on the collateral estoppel argument as to counts one, two and three, this causation argument is only relevant to count four. Therefore the defendant's motion for summary judgment is denied as to count four because a question of fact exists.
DONALD T. DORSEY, JUDGE
FOOTNOTES