[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction and Factual Background
The plaintiff John A. Sakon has appealed to this CT Page 6353 court a decision of the Town of Plainville Zoning Board of Appeals (hereinafter, "the Board") upholding the decision of defendant William H. Dornfried, Plainville Zoning Enforcement Officer, to issue certificates of occupancy to the defendants J. Gary Cameron and Susan Cameron thereinafter, collectively, "the applicants") for their 42 unit apartment complex.
A brief history of this dispute is appropriate. On June 24, 1986, the Plainville Planning and Zoning Commission (hereinafter, "the Commission") approved the applicants' site plan to construct an apartment complex. The plaintiff herein appealed said decision to this court, CV 86-0424512, and on January 19, 1988, a motion to dismiss was granted, Spada, J. Notice was sent to all parties on February 3, 1988. On June 28, 1988, the plaintiff petitioned the court to reopen the appeal but said request was denied on September 28, 1988, Spada, J. No further appeal was taken.
On April 28, 1988, the applicants filed the site plan with the Plainville Town Clerk and obtained the building permits and certificates of zoning compliance at approximately that time. On May 2, 1988, the plaintiff herein appealed Mr. Dornfried's decision to issue the building permits and the certificate of zoning compliance to the Board. On June 15, 1988, the Board denied the plaintiff's request to overrule the Zoning Enforcement Officer's decisions. The plaintiff did not further appeal to this court.
On November 25, 1988, the plaintiff herein brought an action to this court, CV 88-0433492, seeking injunctive relief, both temporary and permanent, against Mr. Dornfried, the applicants, and the Commission. On May 23, 1989, the motion for temporary injunction was denied, Aronson, J. That action is still pending.
This leads us to the present action. On June 12, 1989, the plaintiff appealed the issuance of certificates of occupancy for the now completed building to the Board. On July 10, 1989, the Board denied the plaintiff's request and this action was filed. There was, unfortunately, a long delay until this trial. The parties used this time for pretrial skirmishing by filing motions to transfer, disqualify counsel, dismiss, strike, and amend the record. CT Page 6354
 II.
Discussion
1.
The plaintiff has raised five issues in connection with Mr. Dornfried's issuance of the certificates of occupancy: (a) whether there was a valid site plan; (b) whether a certificate of zoning compliance was issued; (c) whether the applicants' construction met the zoning regulations; (d) whether the certificates were issued with knowledge that the applicants had misrepresented information; and (e) whether the certificates were issued notwithstanding the applicants' failure to comply with the zoning regulations. He raised four issues in connection with the Board's action: (a) whether the Board failed to discuss or consider whether the site plan was valid; (b) whether the certificates were valid notwithstanding the fact that no zoning certificate had been issued; (c) whether the construction met the zoning regulations; and (d) whether the Board discussed the issues concerning Mr. Dornfried's actions.
The defendants have condensed these issues into essentially three claims: (1) whether the certificates were issued despite the fact the construction failed to meet the zoning regulations; (2) whether the required certificate of zoning compliance had been issued; and finally, (3) whether the site plan had either not received final approval or the approval was invalid.
2.
The plaintiff has taken this appeal as a statutorily aggrieved person pursuant to General Statutes Sec. 8-8(1) as he owns land which abuts the applicants' parcel. Under our statutes, he need not prove classic aggrievement, that he has a specific interest in the subject matter and that the interest has been specially and injuriously affected by the decision. Walls v. Planning Zoning Commission, 176 Conn. 475, 477-78
(1979). While this court clearly sees the wisdom in statutory aggrievement, this case presents a fact situation which invites review of that rule.
This is not an appeal from an action requesting initial approval. That has long since taken place. Indeed, while an appeal was filed on that first application, with statutory standing under Section 8-8(1), that appeal was dismissed.[1] The plaintiff chose not to appeal further. In the second round, the plaintiff appealed to the Board after the building permit was CT Page 6355 issued and after being turned down by the Board, he did not pursue that appeal to court. (emphasis added). Cognizant of the statutory aggrievement provisions and cognizant of the statutory appeal provisions, Mr. Sakon watched the building through its construction waiting to utilize the last decision, the issuance of the certificates of occupancy, to appeal.
The certificate of occupancy is not defined in the zoning statutes or the zoning regulations. It is, after all, not truly a zoning tool. Rather, it is a mechanism utilized by a building official to certify that the "building or structure substantially conforms to the provisions of the state building code and the regulations lawfully adopted thereunder." General Statutes Section 29-265(a). Its statutory and primary use is to insure, for obvious safety reasons, that the structure is safe — that it substantially conforms to the building code. In this vein, the legislature has indicated that if a certificate of occupancy is required by municipal law and a landlord has failed to obtain one, rent may not be recovered. Title 29 sets forth a statutory procedure for appeals concerning certificates of occupancy including appeals by non-owners.[2];[3]
General Statutes Sec. 8-3(f) requires that a certificate of zoning conformity be issued before a building permit or certificate of occupancy be issued to determine that "such building use or structure is in conformity with such regulations . . . ." A certificate of occupancy is often issued by the zoning enforcement officer and sometimes it is used for both purposes. See generally, Anderson, American Law of Zoning, 3rd Ed., Secs. 19.02 and 19.03. Once issued by a zoning officer, it becomes reviewable by the zoning board of appeals pursuant to General Statutes Sec. 8-6(1) with statutory aggrievement allowed. This court can see the merit in allowing this type of appeal if allowing this type of appeal if there are some allegations and some proof that the building, use, or structure as completed is at variance, from a zoning standpoint, with the initial zoning permit. In other words, the appeal is taken to the board because the actual construction goes beyond the permit and violates bulk or set back requirements, or the use is not in conformance with the permitted use. Such allegations and proof would serve to separate the meritorious appeal from the spurious appeal. Without such a requirement, an abutter can sit back and take an appeal, as has been done in this case, after watching the building be constructed causing financial damage. Moreover, if the appeal is not successful at the board level, the abutter can take the next step to court — all without showing any injury.
3. CT Page 6356
The plaintiff is seeking to have this court retry not only the action below at the board level but more importantly, rehear the first appeal and retry the action before the Commission. This court will not comply with this request. If the plaintiff was not satisfied with Judge Spada's ruling, his remedy was to seek certification with the Appellate Court. General Statutes Sec. 8-8(o). Collateral attack on judgments of coordinate jurisdiction are disfavored in this state. Santora v. Miklus, 199 Conn. 179, 188 (1986). In Wade's Dairy Inc. v. Fairfield, 181 Conn. 556 (1980), the court ruled that the plaintiff was precluded under the doctrine of res judicata from asserting claims against the town which had been previously decided in an appeal from a decision of the town's zoning board of appeals. Such is the situation in this case. The doctrine of res judicata holds that an existing final judgment rendered upon the merits . . . is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Id., 559. The doctrine is based on the public policy that "a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." Duhaime v. American Reserve Life Ins. Co.,200 Conn. 360, 364 (1986) citing Corey v. Avco-Lycoming Division,163 Conn. 309, 316-317 (1972) cert. denied, 409 U.S. 1116
(1973). In Wade's Dairy, supra, the town and its zoning enforcement officer, while not parties to the original action, were held to be privies under the doctrine as "the zoning board of appeals was clearly created to carry out the mandates of the town as they pertain to zoning matters." Id., 561.
In this case, the question concerning the issuance of the site plan, initial compliance with the zoning regulations, and possible misrepresentations on the site plan application, were all resolved in the first appeal. This court cannot rehear them. Even if it could be argued that the board was not a party to the original action, these claims were merged in the judgment against the plaintiff. Duhaime v. American Reserve Life Ins. Co., supra, 364. Under our rules of collateral estoppel, the plaintiff may not relitigate these issues. Corey v. Avco-Lycoming Division, supra, 317.
Finally, while it may be argued that the first appeal did not address the specific issues on the merits, it is still a judgment for claim preclusion purposes. The appeal to the trial court was dismissed pursuant to Simko v. Zoning Board of Appeals, 205 Conn. 413 (1987) and thereafter, pursuant toP.A. 88-79(3), the plaintiff sought to reopen said appeal. That request was denied as the court found that there had been a substantial infringement of property rights. Memorandum of Decision, Sakon v. Town of Plainville Planning Zoning Commission CT Page 6357 et al, CV 86-042512S, September 28, 1988, Spada, J. See, Augeri v. Planning Zoning Commission, 24 Conn. App. 172 (1991). Appeals from zoning authorities exist only under statutory authority. Masone v. Zoning Board of City of Stamford, 148 Conn. 551
(1961) and the plaintiff was not successful in his attempt to utilize the statutory mechanism. As mentioned, the plaintiff did not attempt to seek further review of Judge Spada's decision. This court cannot and will not review these issues.
4.
Plaintiff's claim that the construction failed to meet the zoning regulations has been limited in his brief to issues involved in the first appeal. This court will not address those issues for the reasons set forth above.[4]
5.
 a.
Plaintiff's claims that the Board abused its discretion consists of three subparts. The first issue is whether the Board erred in denying the appeal because Mr. Dornfried issued the certificate of occupancy without issuing a certificate of zoning compliance. Section 8-3(f) of the General Statutes states:
 "No building permit or certificate of occupancy shall be issued for a building, use or structure subject to the zoning regulations of a municipality without certification in writing by the official charged with the enforcement of such regulations that such building, use or structure is in conformity with such regulations . . . ."
The short answer in this case is that the required certificate was indeed issued. As part of his submittal to the Board, Mr. Sakon filed Mr. Cameron's certificate of zoning compliance dated April 22, 1988. The certificate is composed of two parts: the application and the approval. The application indicates that the use must comply with those sections of the zoning regulations concerning site plans and height, area and yard requirements. The approval states that "the uses and structures established under this application have been examined and meet the requirements of the Plainville zoning regulations." (Return Item C). This claim therefore is without merit.
b. CT Page 6358
The second aspect of the claim is that the Board erred in that the Board limited its review as a result of a statement by Chairman Pugliese that "[w]e are going to be voting strictly on whether the Zoning Enforcement Officer has complied with the rules and regulations of the Zoning Commission" (Return Item E, p. 29). This court finds nothing wrong with this statement since Mr. Dornfried's role as Zoning Enforcement Officer is that of agent for the Commission. General Statutes Sec. 8-12; Langer v. Planning Zoning Commission of Westport,163 Conn. 453, 456 (1972); Tondro, Connecticut Land Use Regulations, p. 208. He must comply with the Commission's regulations. This claim is without merit.
 c.
The final aspect of the claim is that the Board refused to consider the appeal of the plaintiff. The minutes of the July 10, 1989 hearing and discussion do not support this claim. Mr. Sakon was offered the opportunity to present his claims and introduce witnesses. The Board heard statements from the town attorney, Mr. Michalik, the attorney for the applicants and members of the public. Mr. Sakon also had the opportunity for rebuttal.
It is true that the motion was made that "the Board refuse to consider the appeal to the Certificate of Occupancy issued by the Building Inspector." While inartfully phrased, the discussion certainly indicates that the Board was responding to the statements and evidence received in the public hearing. Indeed, as previously mentioned, Chairman Pugliese, just prior to the vote, indicated the issue was whether Mr. Dornfried complied with the regulations. Thus, this court cannot sustain Mr. Sakon's claim that the Board refused to consider the appeal. In reviewing the phraseology of a zoning commission's minutes, our Supreme Court has stated:
 It must be borne in mind, however, that we are dealing with a group of laymen who may not always express themselves with the nicety of a Philadelphia lawyer. Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. . . . But once the statutory steps have been taken by the commission in creating a change, and no injustice to anyone is discernible, a poorly expressed minute should not ordinarily undo the work which otherwise bears the stamp of legality.
CT Page 6359
Couch v. Zoning Commission, 141 Conn. 349, 358-359 (1954).
 III.
Conclusion
This court finds that the plaintiff has failed to prove that the Board acted arbitrarily, illegally or abused its discretion. Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654 (1990).
Accordingly, the appeal is dismissed.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT