[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Frank and Anna Franc, in their amended application and verified motion for a temporary order of mandamus, move the court to compel the defendant, Planning 
Zoning Commission of the Town of Bethel, to:
(a) order that a suitable safety fence be installed and maintained along the top of the excavation, without present or future liability to the plaintiffs;
(b) notify the defendant Commission of violations of sections 118-30C, 118-44, 118-44F(4), 118-44F(16), 118-44H and 118-35C of its Regulations;
(c) notify the defendant Commission to order the defendant, Bethel Holding Company, and its agents to submit to it forthwith a plan for correction of the hazardous conditions, elimination of zoning violations and compliance with the Commission's prior orders; and CT Page 11329
(d) any and all other orders as may be necessary to carry the above into effect.
The plaintiffs' motion was tried to the court over several days during a one month period.
In all, five people including the plaintiff, Frank Franc, testified and on August 13, 1992, the parties filed briefs with the court. On August 18, plaintiffs filed a reply brief and on the day the parties were heard in argument, August 20, 1992, plaintiffs filed a supplemental brief.
After considering all of the credible evidence, the court finds that the instant case is one of several lawsuits arising out of a dispute between plaintiffs and defendants regarding the development of a 5.495 acre parcel of land located on Route 6 in Bethel. The plaintiffs own two abutting parcels: one located in a residential zone and one in a CI commercial zone.
As stated in the brief of defendants, Planning Zoning Commission of the Town of Bethel and Bethel's Zoning Enforcement Officer, the subject property is also located in a CI commercial zone and a retail nursery business is a permitted use within said zone pursuant to sections 118-30B(1)(c) and 118-30B(1)(f) of the Zoning Regulations of the Town of Bethel. However, site plan approval is required pursuant to the provisions of section 118-34A of said Regulations.
In the Spring of 1986, the defendant, Bethel Holding Company, the owner of the subject property, and D'Agostino's Nursery, Inc., applied to the defendant, Planning Zoning Commission (hereinafter referred to as the "Commission"), for site plan approval for the construction and operation of a retail nursery business on the subject property. The Commission approved said site plan on April 22, 1986. No appeal was taken from said approval. On May 27, 1986, after holding a public hearing, the Commission granted a special permit to D'Agostino's for an outside display area. No appeal was taken from the granting of said special permit. On July 8, 1986, the Commission approved a revised site plan for the project which showed revised proposed contours and CT Page 11330 the relocation of the building 40 feet further back from Route 6. No appeal was taken from said approval.
During the course of the construction of D'Agostino's Nursery, overblasting occurred onto the adjacent property of the plaintiffs, thereby creating a rock cut 20 feet or more in height with the top of the cut encroaching on the plaintiffs' property in a number of locations. As indicated above, this situation has led to several lawsuits by the plaintiffs against the Bethel Holding Company, D'Agostino's Nursery, Inc. and certain of their employees. One of these suits was commenced by the plaintiffs against the Bethel Holding Company in 1988 and is presently pending before the Superior Court for the Judicial District of Danbury and bears Docket No. CV 88-295669S. By an amended complaint dated July 1, 1992, the plaintiffs have requested compensatory and punitive damages, attorney's fees, and injunctive relief in the nature of a court order requiring the Bethel Holding Company to restore lateral support to the plaintiffs' property, eliminate nuisance conditions, abate erosion, correct zoning violations, and other relief, all of which the plaintiffs claim they are entitled to as a result of the conditions created by the overblasting by the Bethel Holding Company. This court has taken judicial notice of this pending litigation.
The construction of D'Agostino's Nursery was completed prior to April 14, 1987. On said date, the Commission requested that the Bethel Holding Company file a revised site plan showing the project as built. The as-built plan was submitted to the Commission on April 28, 1987. Subsequent to said date, the as-built was revised numerous times at the request of the Commission. The Commission approved the final revised as-built site plan on August 23, 1988. As a condition of its approval, the Commission required the Bethel Holding Company to install a safety fence at the top of the cut created by the blasting and excavation, within thirty days.
The court is convinced that a very serious and dangerous condition presently exists on the Franc property as a result of the excavation and blasting and that the fence that was constructed to satisfy the special condition of approval was ill-suited to the purpose and fell apart shortly after installation. CT Page 11331
In attempts to obtain compliance with the Commission's requirement, the defendant, Zoning Enforcement Officer, has written the developer on two or more occasions requesting installation of a chain link fence. The matter has also been referred, on at least one occasion, to zoning counsel for assistance. Nevertheless, no fence has been installed along the top of the cut.
The plaintiffs appealed to the Superior Court for the Judicial District of Danbury from said August 23, 1988 approval by the Commission of the revised as-built site plan. This court has taken judicial notice of this appeal, which is Docket No. CV 88-0296287S, Frank Franc, et al. v. Bethel Planning and Zoning Commission, et al. In their appeal, the plaintiffs alleged that the excavation on the property had created a dangerous condition on the plaintiffs' property and had removed lateral support from the plaintiffs' property in violation of the zoning regulations. The plaintiffs also alleged that the Commission refused and neglected to enforce the zoning regulations and permitted violations thereof on the D'Agostino site. The plaintiffs further alleged that the approval of the revised as-built site plan was illegal, arbitrary, and in abuse of the discretion vested in the Commission, in that the approved site plan failed to show grades and contours in violation of section 118-34B(6) of the Zoning Regulations; in that the blasting, excavation and earth removal on the site violated the provisions of section 118-44 of the Zoning Regulations; in that the approved site plan failed to show the required landscaping and buffer in violation of section 118-35 of the Zoning Regulations; in that the approval of the revised site plan violated the purposes of the zoning regulations as set forth in section 118-1 thereof; and that the approval violated the criteria for approval set forth in section 8-2 of the Connecticut General Statutes.
Said appeal was heard by Judge Stodolink who issued a Memorandum of Decision dated December 18, 1990 dismissing the plaintiffs' appeal. The plaintiffs petitioned for certification and the Appellate Court denied the plaintiffs' petition.
Recently, plaintiffs instituted a civil action, Franc, et al. v. Planning Zoning Commission of the Town of Bethel, CT Page 11332 et al., CV 92 310785, seeking to enjoin enforcement of the judgment rendered in the administrative appeal.
On June 30, 1992, the plaintiffs instituted the instant action in mandamus and seek an order of the court to the Planning Zoning Commission of the Town of Bethel to enforce applicable provisions of the Regulations in order to eliminate dangerous and allegedly illegal conditions created by the defendant, Bethel Holding Company, or its agents.
 `The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits.' [Citations omitted.] . . . `Mandamus neither gives nor defines rights which one does not already have. It enforces, it commands, performance of a duty. It acts at the instance of one having a complete and immediate legal right; it cannot and it does not act upon a doubtful or a contested right . . . .' [Citations omitted.]
 A party seeking a writ of mandamus must establish: `(1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law.' [Citations omitted.] Even satisfaction of this demanding test does not, however, automatically compel issuance of the requested writ of mandamus [Citations omitted.] In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. [Citation omitted.] In the exercise of that discretion, special caution is warranted `where the use of public funds is involved and a burden may be unlawfully placed on the taxpayers . . . .'
Hennessey v. Bridgeport, 213 Conn. 656, 659-660 (1990).
In addition to satisfying the three requirements set forth above, a plaintiff requesting a temporary order of mandamus must prove that he will suffer irreparable injury unless the temporary order is issued and, unless the court determines it unnecessary, must post a surety bond. CT Page 11333 Connecticut Practice Book, Sec. 544.
As part of the temporary order it seeks, plaintiffs would have the court compel the defendant, Planning Zoning Commission, to order a suitable safety fence be installed along the top of the excavation, without present or future liability to them.
As indicated earlier, a dangerous condition does exist on plaintiffs' property and apparently has existed for approximately six years as a result of overblasting and excavating. It is undisputed that as a result much of any fence to be erected at the top of the cut would have to be installed on plaintiffs' property.
It is interesting to note that plaintiffs' requested relief has been modified by plaintiff, Frank Franc's testimony and by his counsel's argument. They make it absolutely clear that the plaintiffs will not permit the installation of a fence on plaintiffs' property unless the Town of Bethel holds them harmless from present and future liability regarding same. Plaintiffs insist that it is their right to be indemnified by the Town of Bethel and that the defendant, Bethel Holding Company's offer of insurance coverage, hold harmless agreements, indemnification and the like, is unacceptable.
Plaintiffs' demand notwithstanding, they have failed to establish that they have a clear legal right to have the Town of Bethel hold them harmless from present and future liability, and since they will not otherwise grant permission for the installation of a suitable fence on their property by the Bethel Holding Company, the requested relief is denied.
As additional relief under their application and verified motion for a temporary order of mandamus, plaintiffs seek an order compelling the defendant Commission to "[n]otify the defendant Commission of violations of sections 118-30C, 118-44, 118-44F(4), 118-44F(16), 118-44H and 118-35C of its Regulations."
By asking that the defendant Commission be ordered to notify itself of zoning violations by defendant, Bethel Holding Company's development of the 5.495 acre parcel, plaintiffs are actually making demand on the court to find CT Page 11334 that the enumerated sections have been violated. However, in their appeal from the revised site plan approval, Franc, et al, v. Planning Zoning Commission of the Town of Bethel, et al, Docket No. CV 88-0296287S, the plaintiffs in paragraph 12 of their complaint claimed relief based upon substantially similar zoning violations, to wit:
 [T]he said defendant, Planning and Zoning Commission of the Town of Bethel acted illegally, arbitrarily and in abuse of the discretion vested in it in that the approved site plan fails to disclose proposed grades and/or contours over the entire area of proposed grade change in violation of Section 118-34B(6) of the zoning regulations of the Town of Bethel, in that the excavation, blasting and earth removal accomplished in connection with the development of the land of the Defendants, Bethel Holding Company d/b/a D'Agostino's Nursery, Inc. as approved by the Defendant, Bethel Planning and Zoning Commission, violates Section 118-44 of the zoning regulations of the Town of Bethel, in that the approved site plan fails to require landscaping and a buffer in violation of Section 118-35 of the Zoning Regulations of the Town of Bethel, [and] in that said approval of said revised site plan violates the purpose of the Zoning Regulations of the Town of Bethel as expressed in Section 118-1 thereof . . . ."
The court (Stodolink, J.) in dismissing plaintiffs' appeal, held that the Planning Zoning Commission properly approved the revised site plan because it appeared that the Commission's honest judgment had been reasonably and fairly exercised when it found that the project did conform to its regulations. The decision in that case lays to rest all issues of whether the site plan was properly granted, whether the site plan complied with the Regulations or whether the defendants' actions prior to the final site plan violated the Regulations. The plaintiffs cannot now relitigate or in effect raise new assignments of error that might have been raised in the administrative appeal. To do so would allow plaintiffs' counsel to create an unlimited right of appeal. Further, the plaintiffs' attempt to relitigate the same group of facts is in direct contravention of the rule that a party CT Page 11335 should not be allowed to relitigate that which it already has had an opportunity to litigate.
In support of this position, the court adopts, with minor changes, the defendant Commission's enumeration and elucidation of the governing principles of law because it is clear that a former judgment, if rendered on the merits, is a bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matters which might have been offered for that purpose. In re Juvenile Appeal (83-DE), 190 Conn. 310, 313 (1983). Vakalis v. Kagan, 18 Conn. App. 363, 366 (1989). The doctrine of res judicata applies to a judgment at law even though the subsequent action is one in equity. Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 560 (1980). Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action. Id. Res judicata, or claim preclusion, prevents a litigant from reasserting a claim that has already been decided on the merits.
Collateral estoppel or issue preclusion prevents a party from relitigating an issue that has been decided in a prior suit. Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 402
(1988).
The purposes of the doctrines of res judicata and collateral estoppel are (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. State v. Ellis,197 Conn. 436, 466 (1985). The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. Id. See also Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360,363-365 (1986), in which the court stated that the rules of res judicata and collateral estoppel apply to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action. CT Page 11336
In the instant case, plaintiffs again allege the existence of zoning violations substantially similar to those claimed and litigated in their administrative appeal without success. Clearly, the doctrines of res judicata and collateral estoppel bar plaintiffs from relitigating and thereby attempting to obtain the relief sought by way of temporary mandamus. Consequently, such is denied.
There is, however, another ground for denying plaintiffs' third and final request which is an order requiring the Commission to
 "[n]otify the defendant Commission to order the defendant Bethel Holding Company and its agents to submit to it forthwith a plan for correction of the hazardous conditions, elimination of zoning violations and compliance with the Commission's prior orders . . . ."
That ground is that the plaintiffs have an adequate remedy both at law and in equity against the alleged violator of the zoning regulations and creation of the hazardous conditions, namely, the Bethel Holding Company. The plaintiffs are pursuing said remedy in the case of Frank Franc, et al. v. Bethel Holding Company, Docket No. CV 88-0295669S, which is currently pending in this court. In that case, the plaintiffs are seeking both injunctive relief and money damages against the named defendant. This direct injunctive relief would also be much less cumbersome than the remedy of mandamus.
In any event, since the plaintiffs have and are pursuing another specific and adequate remedy, they are not entitled to relief in mandamus.
In accord with the foregoing, plaintiffs' motion for temporary order of mandamus is denied.
West, J. CT Page 11337