[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4082
Plaintiff brought this administrative appeal from the decision, after hearing, of defendant ordering plaintiff to pay a civil penalty of $1,000, suspending plaintiff's junk yard license for thirty days and conditioning reinstatement on receipt of the penalty and a satisfactory reinspection. Plaintiff had operated a junk yard at its Hartford location since 1975 under a license from the Department of Motor Vehicles. In August, 1986, at the request of the Department of Transportation, the Department of Motor Vehicles conducted an inspection of the junk yard and found several violations of the statutes and regulations governing junk yards. Plaintiff was notified of the violations and given thirty days to correct them. On September 17, 1986, defendant granted plaintiff's request for a thirty day extension. On October 17, 1986, a reinspection found that plaintiff had removed approximately 600 junk vehicles from the area along Saybrook Street, but that the violations found in August had not been corrected. On October 31, 1986, plaintiff was summoned to a hearing at the department with regard to the allegations of violations. Following two days of hearings at which plaintiff appeared and was represented by counsel, the department adjudicator made factual findings that the fence required was in general disrepair, that vehicles and parts were stored outside the licensed area, that plaintiff was using 100% of the yard, all the roadways were blocked, there was no spacing between vehicles which were stacked three high in places and that there was no processing area evident. He characterized the location as "generally bursting at the seams." He found violations of Conn. Gen. Stat. 14-67r and Regulations of Conn. State Agencies 14-67q-4, 14-67q-6, 14-67q-7, 14-67q-8 and 14-67q-10. This appeal was timely filed on February 17, 1987.
The Commissioner of Motor Vehicles, pursuant to Conn. Gen. Stat. 14-67, filed an application for a temporary and permanent injunction in a separate action to have the violations found by the Commissioner corrected at DeMilo's expense. On February 26, 1987, the court, Aronson, J., issued a temporary injunction ordering DeMilo immediately to take steps to correct the violations. Following a hearing which included a personal inspection of the premises by the trial court, the court, Ripley, J., found that the junk yard was being operated and maintained in violation of the pertinent statute and regulations. In that action, DeMilo raised several special defenses, including selective enforcement of the regulations tantamount to a denial of the right to equal protection of the law, a claim that the regulations are vague and unenforceable, a claim that the state's failure earlier to prosecute known violations barred the action by laches or waiver. The court rejected the special defenses. DeMilo has taken an appeal from the trial CT Page 4083 court's judgment.
In this administrative appeal, plaintiff has raised the same claims of selective enforcement, wrongful application of Conn. Gen. Stat. 14-67r, vagueness, estoppel and adoption of regulations in excess of the Commissioner's authority. Defendant contends that collateral estoppel bars relitigation of those issues. "`Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.' Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 401-402, cert. granted, 209 Conn. 809 (1988). . . ." Virgo v. Lyons, 209 Conn. 497, 501
(1988). As the Supreme Court said in Wade's Dairy, Inc. v. Fairfield,181 Conn. 556, 560 (1980) "it is not the form a ruling assumes, nor how induced, but the substance that lays the cornerstone for res judicata." The fact that the issues were decided in an action in equity after a full and fair opportunity to litigate them does not allow them to be relitigated in this administrative appeal. The fact that DeMilo has a pending appeal from the judgment of the trial court does not make the rules of res judicata inapplicable. Salem Park, Inc. v. Salem, 149 Conn. 141, 144 (1976). See also Preisner v. Aetna Casualty Surety Co., 203 Conn. 407 (1987). Plaintiff is collaterally estopped from relitigating those issues here in this administrative appeal.
Plaintiff does raise one issue here which was not raised in the injunction action. It claims that the decision and order of the commissioner and the adjudicator deprived plaintiff of property without due process of law. While plaintiff apparently recognizes that procedural due process requires that a person be given an opportunity to be heard before he is deprived of a property interest, Boddie v. State of Connecticut,401 U.S. 371, 379 (1979), plaintiff appears to argue that its right to substantive due process was abridged by defendant's arbitrary and capricious action. A review of the record before the adjudicator reveals that the decision was grounded on the evidence produced and the statutes governing the licensure of junk yards, as well as the regulations adopted by the defendant. The court's role is limited, to decide whether, in light of the evidence before the commissioner, his action is supported by the evidence. The court is not to substitute its judgment for that of the Commissioner. Buckley v. Madow, 200 Conn. 1 (1986). Plaintiff has failed to make out its case.
The appeal, therefore, is dismissed.
SUSCO, J. CT Page 4084