[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that he received ineffective assistance of his habeas counsel when counsel withdrew from his habeas corpus petition, DavidCampbell v. Warden, State Prison, CV93-1739. Counsel was allowed to withdraw upon filing an Anders brief under seal (Anders v.california, 386 U.S. 738) by Klaczak, J. Subsequently the petitioner presented evidence before Sferrazza, J. without counsel and the two count petition was dismissed. (See Exhibit 1).
Respondent moved to dismiss on the ground that a timely appeal was not filed on the first habeas. The petitioner argued that a timely request for certification was requested but was denied on the basis of being untimely. Neither a writ of error nor an appeal from the denial of certification to appeal was filed. See Simms v. Warden, 229 Conn. 178. Sims makes clear a writ of error is not the proper vehicle for appellate review but that a habeas corpus litigant, unable to obtain certification to appeal from the habeas court, or an appellate judge or justice is permitted under C.G. 52-470 (b) to invoke appellate jurisdiction for plenary review of the decision of the habeas court upon carrying the burden of persuasion that denial of certification to appeal was an abuse of discretion or that an injustice was done by taking a direct appeal from the denial of such certification. Id. 189.
Obviously, Klaczak, J. found "the case is wholly without merit" in order to allow counsel to withdraw and Sferrazza, J. agreed, after hearing the petitioner, by dismissing the case. That judgment is a bar to claims made here. Wade's Dairy, inc. v.Fairfield, 181 Conn. 556, 559. Clearly the claims of petitioner here as to the ineffectiveness of his counsel could have been raised to Klaczak, J. and the merits of his case to Sferrazza, Jr. CT Page 1742
Furthermore, the standard set in State v. Patterson,230 Conn. 385, 397 has no retroactive effect on the petitioner's case and Respondent's Exhibit 1 demonstrates no prejudice to this petitioner if, in fact, the judge had absented himself during a portion of the voir dire in his criminal case.
For the above reasons the petition is dismissed.
Corrigan, Judge Trial Referee