WALTER T. MCCUE, JR., ET AL. *v.* ELISABETH W.
BIRMINGHAM ET AL.
(AC 25413)

Flynn, Harper and West, Js.

Argued February 14—officially released April 26, 2005

*William T. Barrante*, with whom, on the brief, was *Patsy M. Renzullo*, for the appellants (plaintiffs).

*Anne C. Marshall*, for the appellees (defendants).

*Opinion*

FLYNN, J. The dispositive issue in this appeal is whether the action filed by the plaintiffs is barred by the doctrine of res judicata. Because we conclude that the trial court properly determined that it is, we affirm the summary judgment rendered by the trial court.[1]

---

[1] On appeal, the plaintiffs claim that (1) principles of res judicata and collateral estoppel did not bar them from litigating their claim that the town clerk could not "unrecord" documents ostensibly filed on December 7, 1998, because that claim was not litigated in a previous action and because relitigation of a claim that could have been raised in a previous action is subject to exceptions applicable here, (2) General Statutes § 7-24 (c) obligated the town clerk to record the documents on December 7, 1998, (3) the

The plaintiffs, Walter T. McCue, Jr., and Charles S. Silver, were trustees of a trust owning real property in East Granby. The plaintiffs sold the property, and on December 7, 1998, they sought to record in the East Granby town clerk's office a "notice of sale" and "notice of termination of P.A.T. irrevocable trust." This documentation did not contain the name of any person, firm or corporation to whom the plaintiffs had conveyed title to the real property. Although the assistant town clerk accepted the plaintiffs' recording fee, date stamped the documents and assigned them volume and page numbers in the land records, the town clerk, on the advice of the town attorney, later refused to record the documents and returned them, along with the filing fee, to the plaintiffs. In 2000, the plaintiffs brought an action against the town clerk, Elisabeth W. Birmingham, seeking a declaration that the documents should be recorded in the land records (first action). The plaintiffs subsequently amended their complaint in the first action to allege that on December 10, 2001, they had tendered redrafted versions of the documents to the town clerk, but that she again had refused to accept them. The trial court, *Hon. Richard M. Rittenband*, judge trial referee, rendered judgment in the first action for the defendant on April 23, 2002, finding that the tendered documents did not have to be recorded because they did not comply with General Statutes § 47-12a (c), which provides in relevant part that "[e]very affidavit provided for in this section . . . shall state the name of the person appearing by record to be the owner of the land at the time of the recording of the

plaintiffs were entitled to mandamus relief because the town clerk was bound to record the documents, (4) the three year statute of limitations of General Statutes § 52-577 does not bar their conspiracy count because the alleged wrongdoing occurred on June 18, 2003, or, alternately, because the statute was tolled by the defendants' continuing course of conduct, and (5) they did not have to establish wilful, wanton or malicious conduct for purposes of the motion for summary judgment.

affidavit. . . ." The plaintiffs did not appeal from that judgment, which then became final.

The plaintiffs brought the present action in October, 2003, against the town clerk again and, for the first time, against the town attorney, Donald R. Holtman. The first two counts of the three count complaint sought mandamus relief, claiming that the town clerk violated General Statutes § 7-24 (c) by refusing to record the documents on December 7, 1998. The third count alleged that the defendants had conspired against the plaintiffs and sought punitive damages. The defendants filed a motion for summary judgment in their favor on all counts. They claimed that principles of res judicata and collateral estoppel prevented the plaintiffs from relitigating claims decided against them in the previous declaratory judgment action, that mandamus relief was inappropriate because the plaintiffs had not been deprived of a clear right, that the third count was barred by the three year statute of limitations provided in General Statutes § 52-577 and that as a matter of law the plaintiffs could not establish wilful, wanton or malicious conduct on the part of the defendants. In their memorandum in opposition to the defendants' motion for summary judgment, the plaintiffs claimed, among other things, that res judicata did not bar their mandamus claims because the previous judgment concerned only the town's refusal to record the amended documents tendered in December, 2001, "whereas the present case concerns the town clerk's recording of the two December, 1998 documents and her subsequent *un*recording of those documents." As to the defendants' statute of limitations claim, the plaintiffs claimed that their conspiracy count was not time barred because it was predicated on a June 18, 2003 refusal to record the documents.

The court granted the defendants' motion for summary judgment, concluding, inter alia, that res judicata

and collateral estoppel barred the plaintiffs' claims. It noted that insofar as the plaintiffs claimed that § 7-24 required the town clerk to record the documents, it had considered and rejected that claim in the previous action, and that, to the extent that the plaintiffs argued that the claim had not been explored fully in the previous action, the plaintiffs were nonetheless estopped from relitigating a claim that they *might* have made in that action.

Specifically, the court held that the parties were the same as in the first action with the exception of Holtman. However, Holtman was at all relevant times the town attorney for the town of East Granby. Both Birmingham and Holtman were agents of the town of East Granby and had consulted and acted together on the issue of the recording of documents. Accordingly, the court found that Holtman was and is in privity with Birmingham.

We note that parties are bound by pleadings that have not been withdrawn. Construction of pleadings is a question of law. *Miller* v. *Egan*, 265 Conn. 301, 308, 828 A.2d 549 (2003). Although ordinarily it would not be the province of the court to find facts in ruling on a summary judgment motion, the plaintiffs pleaded in paragraph two of their complaint: "On December 7, 1998 the defendant Donald R. Holtman was and is today the town attorney of East Granby . . . ." He was, therefore, in privity, and the plaintiffs are bound by that judicial admission. See *Jones Destruction, Inc.* v. *Upjohn*, 161 Conn. 191, 199, 286 A.2d 308 (1971).

Before addressing the plaintiffs' specific claims, we set forth the applicable standard of review of a trial court's ruling on a motion for summary judgment. Practice Book § 17-49 provides in relevant part that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also *Craig* v. *Stafford Construction, Inc.*, 271 Conn. 78, 83, 856 A.2d 372 (2004). "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary"; *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003); as is our review of the applicability of the res judicata doctrine. *Gaynor* v. *Payne*, 261 Conn. 585, 595, 804 A.2d 170 (2002).

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made *or which might have been made*." (Citations omitted; emphasis added.) *Wade's Dairy, Inc.* v. *Fairfield*, 181 Conn. 556, 559–60, 436 A.2d 24 (1980).

In ruling on the motion, the court concluded that the plaintiffs placed reliance on § 7-24 (d), which directs the town clerk to enter the names of sufficient parties to the instrument to enable reasonable identification of it and stated that it considered that section in the prior decision and ruled that the names of the grantees as the record owners of the property were missing from the documents, and, therefore, the documents did not comply with § 7-24. The court went on to state: "[The] plaintiffs claim that the merits of this statute were not fully explored in the prior action and try to distinguish other aspects of this action which were not brought up in the prior action. However, as also stated in *Gaynor* v. *Payne*, supra [261 Conn. 596]: Furthermore, the doc-

trine of claim preclusion . . . bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or *which might have been made.*" (Emphasis in original; internal quotation marks omitted.)

The court further concluded that the same claim at issue in the second action was also at issue in the first action and that the issue was whether Birmingham was required to record the plaintiffs' documents if they did not include the name of a grantee. The court also concluded that the judgment in the first action was rendered on the merits and that it had rejected the claims because of the plaintiffs' noncompliance with § 47a-12a (c).

Finally, the court concluded that the parties had an opportunity fully and fairly to litigate the same claims and issues in the first action that the plaintiffs were attempting to litigate in this second action. We agree. "[E]ndless litigation leads to confusion or chaos." *Wade's Dairy, Inc.* v. *Fairfield,* supra, 181 Conn. 559. Interest reipublicae ut sit finis litium.

A cause of action is that single group of facts that is claimed to have brought about an unlawful injury to the plaintiff and that entitles the plaintiff to relief. *Veits* v. *Hartford,* 134 Conn. 428, 434, 58 A.2d 389 (1948). Even though a single group of facts may give rise to rights to several different kinds of relief, it is still a single cause of action. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 198, 91 A.2d 778 (1952); see also *Wade's Dairy, Inc.* v. *Fairfield,* supra, 181 Conn. 560.

Having reviewed the complaints, in both the first and second actions, we agree that the linchpin common to both is whether the town clerk had a legal duty to record the documents submitted to her by the plaintiffs but, in derogation of that duty, refused to do so. The

plaintiffs claim that different causes of action were brought in the first and second actions because in the first action, the plaintiff litigated a "refusal to record" certain documents, whereas in the second action, the plaintiffs sought to litigate the unrecording of documents that had been accepted and given a volume and page number in the land records. We are not persuaded and conclude that this is a distinction without substantial difference. Both the first and second actions were brought because certain instruments purported to place notice on the land records that a conveyance had occurred by the trust that did not name the grantee and were delivered to the town clerk for recording, but remained unrecorded. That is the "single group of facts," on which the plaintiffs' claim for relief rests. There was then a common cause of action in both the first and second actions.

Additionally, the parties were the same in both actions. Although Holtman was not named in the first action, the plaintiffs are bound by the judicial admission in their pleading that he was the town attorney in 1998. Furthermore, as our Supreme Court stated in *Wade's Dairy, Inc.*: "Since they represent not their own rights but the rights of the municipality the agents of the same municipal corporation are in privity with each other and with the municipality. When a judgment is rendered against an officer of a municipal corporation who sues or is sued in his official capacity, the judgment is binding upon the corporation, and upon other officers of the same municipal corporation who represent the same interest." *Wade's Dairy, Inc.* v. *Fairfield*, supra, 181 Conn. 561. The court was therefore correct in determining that Holtman and Birmingham were in privity with one another.

The plaintiffs do not dispute that the judgment was rendered on the merits in the first action.

Finally, the parties had the opportunity in the first action to litigate fully and fairly the issues raised in the second action concerning the deed recording. Because the court's ruling on the application of the bar of res judicata is dispositive, we find it unnecessary to address the other issues raised by the plaintiffs.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] On appeal, the plaintiffs urge that res judicata should not be a bar to their assertion of new claims in the second action. They claim that they should have been permitted to argue for the first time in the second action something not decided in the first action, namely, that once having accepted the deed for recording, the town clerk could not unrecord it and return it to the plaintiffs unrecorded. They also contend that, in addition to deciding that the plaintiffs' second action was barred by principles of res judicata, the court actually decided the "unrecording" issue and did so in a manner contrary to precedents established by our Supreme Court. See *Pluhowsky* v. *New Haven*, 151 Conn. 337, 347, 197 A.2d 645 (1964); *Leger* v. *Kelley*, 142 Conn. 585, 116 A.2d 429 (1955); *Willet* v. *Hutchinson, Town Clerk*, 2 Root 85, 86 (1794). In an unsuccessful motion to transfer this appeal to the Supreme Court, the plaintiffs sought to have that court review and modify its ruling in *Gaynor* v. *Payne*, supra, 261 Conn. 585, to "allow the important issues that were somehow ignored or not raised in a prior action to be addressed in a subsequent action that is arguably not the same case as the prior case." We conclude that the trial court properly found that the "unrecording claim" was barred by principles of res judicata and that doctrine is dispositive of all the claims raised. Hence, we do not reach or review the plaintiffs' remaining claims on appeal.