CHARLES S. SILVER ET AL. *v.* DONALD R. HOLTMAN ET AL.
(AC 29793)

McLachlan, Robinson and Hennessy, Js.

Argued January 9—officially released May 19, 2009

*William T. Barrante*, for the appellants (plaintiffs).

*Ralph G. Eddy*, for the appellees (defendants).

*Opinion*

HENNESSY, J. In this appeal, we examine the narrow issue of whether the plaintiff Charles S. Silver has standing to seek a writ of mandamus to order the defendant town clerk of East Granby, Elisabeth W. Birmingham, to re-record an affidavit of facts (affidavit). We also determine whether the plaintiff Gail McCue, as executrix of the estate of her deceased husband, Walter T. McCue, Jr., has standing to bring an action for damages.[1] We reverse the judgment of the trial court.

---

[1] The plaintiffs also claim that their substitute complaint that was filed after the motion to dismiss had been granted was improperly stricken. Because we reverse the judgment on the basis of the first claim filed by Birmingham and the defendant Donald R. Holtman, and the claimed error is unlikely to arise on remand, we need not address this issue.

The following facts are relevant to this appeal. Silver was a trustee with Walter McCue, Jr., of the P.A.T. irrevocable trust, which owned real estate in East Granby. Notice of the trust's ownership was recorded on March 22, 1995, in the East Granby land records. On August 30, 2004, Walter McCue, Jr., died, and on April 5, 2005, Gail McCue was appointed executrix of his estate. On July 20, 2005, Silver executed an affidavit that referenced the trust's land holding, including that on "December 7, 1998 the trust executed a deed conveying the aforesaid real estate, but to the undersigned's knowledge that deed has not been recorded." On July 28, 2005, Silver attempted to record the affidavit in the land records of the town of East Granby. The affidavit was accepted for recording, assigned a volume and page number, and the fee was accepted. After the affidavit was received, the defendant town attorney, Donald R. Holtman, told Birmingham to remove the affidavit and to return it along with the filing fee to the plaintiffs' counsel.

The plaintiffs sought a writ of mandamus to order Birmingham to record the affidavit. Additionally, Gail McCue, as executrix of the estate of Walter McCue, Jr., alleged a violation of his civil rights with respect to the recording of documents in the land records.[2] The defendants filed a motion to strike all six counts of the plaintiffs' second amended complaint. The court, *Wiese, J.*, held that a hearing was necessary to determine the status of the trust so that a determination of whether the plaintiffs had standing could be made. The court, *Hon. Jerry Wagner,* judge trial referee, held a hearing at which the plaintiffs presented the testimony of the

[2] Specifically, Gail McCue alleges years of "political animus" by the town against her husband. The trustees have previously attempted to file documents on the record to memorialize that the trust has been terminated and the property was conveyed previously. See *McCue* v. *Birmingham,* 88 Conn. App. 630, 870 A.2d 1126, cert. denied, 274 Conn. 905, 876 A.2d 14 (2005).

current property owner and the beneficiary of the trust. In its memorandum of decision, the court found that the trust had long been terminated and that the assets in the trust had been conveyed. The court further found that the affidavit at issue was not shown to be an instrument required by law to be recorded and that, as a result of this, neither of the plaintiffs had standing to pursue the complaint, and the court granted the motion to strike. The court subsequently rendered judgment in favor of the defendants and dismissed the plaintiffs' action.

The plaintiffs filed a motion for articulation, requesting that the court articulate the reasoning for dismissing the complaint and why the plaintiffs lack standing. The court responded by writing that Judge Wiese had viewed the motion to strike as a motion to dismiss and, after finding that the plaintiffs had no standing, granted the defendants' motion. This court ordered the court, *Hon. Jerry Wagner*, judge trial referee, to articulate why Gail McCue lacks standing. In response, the court wrote that because it concluded that Silver did not have standing, it held that Walter McCue would not have had standing as a trustee, and, therefore, Gail McCue, the executrix of a trustee's estate, did not have standing when she was representing his interests. This appeal followed.

We begin with our well settled principles dictating the nature of the inquiry into standing. "The issue of standing implicates this court's subject matter jurisdiction. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a

proper party to request an adjudication of the issue . . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury. Similarly, standing exists to attempt to vindicate arguably protected interests. . . . Standing is established by showing that the party claiming it is authorized by statute to bring an action, in other words statutorily aggrieved, or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *In re Melody L.*, 290 Conn. 131, 155–56, 962 A.2d 81 (2009). We will analyze the issue of standing for each plaintiff in turn.

I

Whether the affidavit was required by law to be recorded does not weigh on the issue of standing for Silver. To determine the narrow issue of standing, the court must consider whether Silver was the proper party to request adjudication of the issue. Because Silver was knowledgeable of the facts in the affidavit that concerned the property and was the affiant, he is the proper party to petition the court to issue a writ of mandamus ordering Birmingham to record the affidavit.[3] In his application for a writ of mandamus, Silver

[3] Because, however, Gail McCue was not the affiant and was not named in the affidavit, she does not have standing to pursue this claim.

alleged injury from the failure to record his affidavit, which is all that is required. Silver is aggrieved because he has a specific interest in his affidavit's being recorded on the land records, and he sufficiently alleges a claim that his legally protected interest in having his affidavit recorded pursuant to General Statutes § 7-24 (c) has been adversely affected. Silver had standing to bring the application for a writ of mandamus, and his application should have been considered on the merits.

## II

Gail McCue's interest in the action does not rest on her succeeding her deceased husband as a trustee. Her standing to bring her case rests on her status as executrix of his estate. She alleges that the defendants violated his rights. She is the only person who has standing to bring these claims because of her representative capacity. She is aggrieved because she has a representative, legal interest in asserting a violation of the rights of her husband, on behalf of whom she sufficiently alleges injury. Gail McCue has standing in her representative capacity to assert the rights of the estate, which should be considered on the merits.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.