******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JEFFREY PIERCE *v.* COMMISSIONER
OF CORRECTION
(AC 36403)

Lavine, Keller and Flynn, Js.

*Argued January 12—officially released June 30, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Young, J.)

*Cameron R. Dorman*, assigned counsel, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with
whom were *Brian Preleski*, state's attorney, and, on the

brief, *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. "[A] petitioner may bring successive petitions [for a writ of habeas corpus] on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citation omitted.) *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006). The petition for a writ of habeas corpus at issue in the present appeal, the fourth filed by the petitioner, Jeffrey Pierce, is predicated on legal grounds and facts previously alleged, and seeks the same relief he sought in his third petition for a writ of habeas corpus. We, therefore, dismiss the appeal.

The petitioner appeals from the judgment of the habeas court, *Young, J.*, dismissing his fourth petition for a writ of habeas corpus. He claims that the habeas court (1) abused its discretion by failing to grant certification to appeal from the judgment of dismissal, and (2) improperly dismissed his fourth petition by concluding that (a) count one is barred by procedural default and (b) count two is barred by the doctrine of res judicata. We disagree.[1]

I

UNDERLYING FACTS AND PROCEDURAL HISTORY

The present appeal is the most recent in a lengthy series of appeals in which the petitioner has attempted to reverse the judgment of the trial court, *Gaffney, J.*, which requires him upon his release from confinement to register as a sex offender pursuant to General Statutes (Rev. to 1999) § 54-254 (a).[2] The crimes of which the petitioner was convicted occurred on August 11, 1998. *State* v. *Pierce*, 269 Conn. 442, 445, 849 A.2d 375 (2004). The victim was in her minivan at a Newington supermarket when the petitioner compelled her at knifepoint to drive to a wooded area in East Hartford. Id. The petitioner ordered the victim to follow him into the woods, but she refused, telling him that she did not want to be harmed or raped. Id. The petitioner told the victim that he did not intend to harm her, but that he did not want her to see where he went so as to aid in his escape. Id. The victim offered to look away as the petitioner left, and he agreed. Id. When the petitioner was gone, the victim drove to the Newington police station and reported the incident. Id. A composite drawing of the suspect was made from the victim's description of the perpetrator. Id. Two police officers recognized the petitioner from the drawing and went to the motel where they knew he was living. Id., 445–46. During the police interview, the petitioner confessed

to facts similar to those reported by the victim. Id., 446.

The petitioner was charged with various crimes. A jury found him guilty of kidnapping in the second degree in violation of General Statutes § 53a-94 and burglary in the first degree in violation of General Statutes § 53a-101. See *State* v. *Pierce*, 69 Conn. App. 516, 518, 794 A.2d 1123 (2002), rev'd in part, 269 Conn. 442, 849 A.2d 375 (2004) (reversed and remanded to Appellate Court with direction to reinstate sexual offender registry requirement imposed by trial court). Thereafter, the state "invoked § 54-254 (a) and filed a motion asking the trial court to find that the [petitioner's] crimes had been committed for a sexual purpose." *State* v. *Pierce*, supra, 269 Conn. 446.

At sentencing, Judge Gaffney informed the parties that he had ordered a presentence investigation report (1999 report), which he had reviewed.[3] *State* v. *Pierce*, 129 Conn. App. 516, 519, 21 A.3d 877, cert. denied, 302 Conn. 915, 27 A.3d 368 (2011). The court inquired whether the parties had reviewed the 1999 report. Id. The petitioner's trial counsel stated that "he had reviewed it and gone over it 'briefly' with the [petitioner]. The court then asked the [petitioner] if he needed more time to go over 1999 the report, and the [petitioner] nodded his head. The court then called a recess to give the [petitioner] and his attorney time to go over the 1999 report in more detail. . . . When the sentencing hearing resumed approximately fifty minutes later, defense counsel stated on the record that he and the [petitioner] . . . were ready to proceed." (Citation omitted.) Id., 520.

The petitioner opposed the state's § 54-254 (a) request, arguing "that the evidence presented during the trial was insufficient to support [the] requisite finding [that he committed the crime for a sexual purpose]. He conceded nevertheless that the trial court could only make such a finding based on the [petitioner's] history [of sex-related offenses] as . . . detailed in the [1999 report]." (Internal quotation marks omitted.) *State* v. *Pierce*, supra, 269 Conn. 446–47. The court "remarked upon the evidence presented during the trial as well as other information that had come before it during the sentencing hearing and found that the [petitioner] was a 'sexual devia[nt]' with a long and alarming history of 'antisocial behavior.' " Id., 447. On the basis of the evidence presented at trial, the court found that the petitioner had abducted the victim for sexual purposes and ordered him to register as a sex offender pursuant to § 54-254 (a).[4] Id. The court sentenced the petitioner to a total effective term of thirty years of incarceration, execution suspended after twenty-five years, with five years of probation. *State* v. *Pierce*, supra, 129 Conn. App. 521.

The petitioner filed an appeal from the judgment of conviction. This court reversed the judgment insofar

as it required the petitioner to register as a sex offender. Our Supreme Court, however, reinstated the judgment with respect to sex offender registration. See *State* v. *Pierce*, supra, 269 Conn. 444. Before the petitioner's direct appeal was resolved by our Supreme Court, he had filed a petition for a writ of habeas corpus (first petition). In his amended first petition, the petitioner alleged that his trial counsel had rendered ineffective assistance by failing (1) to raise evidentiary issues with respect to his motion to suppress, (2) to subpoena police records, (3) to investigate adequately and (4) to seek timely sentence review. *Pierce* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-02-0003666 (September 18, 2003) (*White, J.*). The petitioner prayed that "a writ of habeas corpus be issued, such that justice may be done." Id.

Prior to the commencement of evidence on the first petition, the petitioner sought to have his first habeas counsel removed for failing to allege that his psychiatric records were improperly included in the 1999 report. Id. The first habeas court, *White, J.*, denied the petitioner's claim of ineffective trial counsel and dismissed the claim related to the petitioner's psychiatric records as outside the scope of the first petition. Id. Judge White, however, restored the petitioner's right to sentence review. The petitioner did not file an appeal from the judgment denying his first petition.

Pursuant to the relief granted by Judge White, the petitioner filed an application for sentence review; see General Statutes § 51-195; claiming that the sentence imposed by Judge Gaffney was excessive in light of the petitioner's age and the nature of the crimes of which he was convicted. *State* v. *Pierce*, Superior Court, judicial district of New Britain, Docket No. CR-98-177629 (June 29, 2005) (*Holden, Miano* and *Iannotti, Js.*). The sentence review panel stated that having reviewed "the record before us and having considered the arguments of counsel *and comments by the petitioner*, and given the gravity of the nature of the offenses and character and history and age of the petitioner, we find the sentence is neither inappropriate [n]or disproportionate."[5] (Emphasis added.) Id. The petitioner did not file an appeal from the judgment of the sentence review panel.

In October, 2003, the petitioner filed a second petition for a writ of habeas corpus (second petition) in which he alleged prosecutorial impropriety and the ineffective assistance of trial counsel, appellate counsel, and first habeas counsel. *Pierce* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-03-0004220 (April 11, 2005) (*Fuger, J.*). The petitioner requested that "the case be restored to the trial docket within sixty days of decision."

The second habeas court, *Fuger, J.*, granted the motion filed by the respondent, the Commissioner of Correction, to dismiss the count alleging the ineffective

assistance of trial counsel pursuant to the doctrine of res judicata. Id. Following a hearing on the merits of the remaining claims, Judge Fuger found that the petitioner was not denied the effective assistance of either appellate or first habeas counsel and that the claim of prosecutorial impropriety was procedurally defaulted. Id. Judge Fuger denied the second petition and denied certification to appeal. This court dismissed the petitioner's appeal from the judgment dismissing his second petition. See *Pierce* v. *Commissioner of Correction*, 100 Conn. App. 1, 13, 916 A.2d 864, cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007).

The petitioner filed a third petition for a writ of habeas corpus (third petition) in August, 2005. In his third petition, the petitioner alleged a denial of his rights to due process and a jury trial, the ineffective assistance of trial counsel, of appellate counsel, of first habeas counsel, and of second habeas counsel. *Pierce* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-05-4000609-S (November 24, 2010) (*Nazzaro, J.*). The petitioner made five requests for relief, including in paragraph 4 that the third habeas court issue a writ of habeas corpus "directing the respondent to release the petitioner from confinement unless the sentencing court, in *State* v. *Pierce*, [supra, Superior Court, Docket No.] CR-98-0177629, vacates the order requiring the petitioner to register as a sex offender, under . . . § 54-254, within [ninety] days or some other certain and reasonable period of time."

In response to the third petition, the respondent alleged that the petitioner was procedurally defaulted from alleging a violation of his rights to due process and a jury trial. Id. The third habeas court, *Nazzaro, J.*, found that the petitioner failed to demonstrate cause and prejudice sufficient to overcome the affirmative defense of procedural default as to the petitioner's due process and jury trial claims. Id. Moreover, Judge Nazzaro found that the petitioner's due process claims were without merit[6] and, therefore, that no prior counsel could have failed to render effective assistance, as those claims were derivative of the due process claim.[7] Judge Nazzaro denied the third petition and certification to appeal from that denial. The petitioner filed an appeal nonetheless, which was dismissed by this court. See *Pierce* v. *Commissioner of Correction*, 134 Conn. App. 904, 38 A.3d 1253, cert. denied, 305 Conn. 904, 44 A.3d 180 (2012).

In addition to having filed three prior petitions for a writ of habeas corpus, the petitioner filed a motion to correct an illegal sentence, in which he claimed that Judge Gaffney used statutorily protected information in ordering him to register as a sex offender. See *State* v. *Pierce*, Superior Court, judicial district of New Britain, Docket No. CR-98-0177629 (November 25, 2009) (*Espinosa, J.*). Specifically, the petitioner claimed that

the 1999 report contained confidential information collected by the Office of Adult Probation for which the petitioner had not waived his rights with respect to the 1999 report. Id. The state filed a motion to dismiss the motion to correct on the ground that the petitioner's allegations, even if true, did not establish that the sentence imposed was illegal. Id.

The trial court hearing the motion to correct, *Espinosa, J.*, found that in preparing the 1999 report, Maureen Klinkert, a probation officer, used information from a presentence investigation she had prepared of the petitioner in 1996 (1996 report). See footnote 3 of this opinion. The court determined that the petitioner was not claiming that Judge Gaffney had imposed an illegal sentence, but that the sentence had been imposed in an illegal manner in that privileged psychiatric information included in the 1996 report was included in the 1999 report. Id. The court concluded, therefore, that the petitioner's claim regarding the use of privileged psychiatric information did not fall within the definition of a sentence imposed in an illegal manner. See *State v. Olson*, 115 Conn. App. 806, 811, 973 A.2d 1284 (2009). Moreover, the court found that the petitioner, who had not objected to the information at the time of sentencing, had waited ten years to object to the inclusion of his psychiatric records in the 1999 report, and concluded, therefore, that he had waived his right to do so by means of a motion to correct an illegal sentence. The court, therefore, granted the state's motion to dismiss the petition to correct an illegal sentence and dismissed the petition to correct illegal sentence for lack of jurisdiction.[8] This court affirmed the judgment of dismissal in *State v. Pierce*, supra, 129 Conn. App. 526.

In April, 2011, the petitioner filed a fourth petition for a writ of habeas corpus (fourth petition), which is the subject of the present appeal. In his fourth petition, the petitioner alleged that his rights to due process under the state and federal constitutions had been violated because his sentence was imposed in an illegal manner in that the 1999 report improperly incorporated his psychiatric records without his written consent (due process claims). The petitioner also alleged that he was denied the effective assistance of trial counsel, who failed to object to the inclusion of his psychiatric records in the 1999 report and to assert the petitioner's due process rights at the time of sentencing (ineffective assistance claim). The petitioner alleged seven separate paragraphs regarding relief, including paragraph 6, which requested that the fourth habeas court issue a writ of habeas corpus "directing the [r]espondent to release the [p]etitioner from confinement unless the [s]entencing [c]ourt, in *State v. Pierce*, [supra, Superior Court, Docket No.] CR-98-0177629 [(*Holden, Miano* and *Iannotti, Js.*)], vacates the order requiring the [p]etitioner to register as a sex offender, under . . . § 54-254, within [ninety] days or some other certain and

reasonable period of time."

On August 30, 2013, the respondent filed a motion to dismiss the fourth petition on the ground that the due process claim was barred by the doctrine of res judicata, or in the alternative, that the claim was procedurally defaulted. The respondent cited the sentence review proceeding as the basis of its res judicata claim. With respect to the ineffective assistance claim, the respondent alleged that the claim constitutes a successive petition and an abuse of the writ.[9] In response to the respondent's procedural default claim, the petitioner alleged cause and prejudice predicated on the ineffective assistance of trial counsel.[10]

On September 16, 2013, the petitioner filed a second amended fourth petition in which he alleged that his rights to due process under both the federal and state constitutions were violated because the 1999 report improperly incorporated his psychiatric treatment records without his express written consent in violation of General Statutes §§ 52-146d and 52-146e. He also alleged that he had raised this claim by way of a motion to correct an illegal sentence, but that Judge Espinosa dismissed the motion to correct for lack of subject matter jurisdiction without reaching the merits of his claim.

Following a hearing, Judge Young issued a detailed memorandum of decision on the respondent's motion to dismiss the fourth petition, including an extensive retelling of the postjudgment procedural history related to the underlying conviction. He also included a comprehensive statement of the law regarding res judicata and procedural default. The court found that the petitioner previously had challenged his sentence by way of a motion to correct an illegal sentence and unsuccessfully appealed from the dismissal of that motion. Moreover, the essence of the petitioner's due process claim was his assertion that his sentence is illegal because Judge Gaffney relied on the psychiatric treatment records that were incorporated into the 1999 report. Judge Young found that claim is the same one the petitioner raised in his motion to correct an illegal sentence. The court concluded, however, that because Judge Espinosa dismissed the motion to correct an illegal sentence and did not reach the merits of the petitioner's claim, the petitioner's due process claim was not barred by res judicata. The "doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, *if rendered on the merits*, is an absolute bar to a subsequent action [between the same parties] on the same claim." (Emphasis added; internal quotation marks omitted.) *Bridges* v. *Commissioner of Correction*, 97 Conn. App. 119, 122, 905 A.2d 103, cert. denied, 280 Conn. 921, 908 A.2d 543 (2006).

With respect to the sentence review proceeding, Judge Young determined that the petitioner had filed a

petition for sentence review, claiming that his sentence was too long, not that it was illegal or illegally imposed. The court noted that the decision of the sentence review panel indicates that the petitioner expressed to the panel his concern that his psychiatric treatment history was included in the 1999 report. The court, however, concluded that the petitioner's expression of concern and the panel's decision cannot reasonably be construed as the petitioner's having previously raised and fully litigated the due process claim alleged in the fourth petition. Thus, the petitioner's due process claim was not barred by the doctrine of res judicata.

The court, however, agreed with the respondent that the petitioner's due process claim was procedurally defaulted, noting that a sentence that is illegal or was imposed in an illegal manner is the type of claim that must first be raised in the sentencing court or on direct appeal. See Practice Book § 43-22; *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 39, 779 A.2d 80 (2001) (to challenge illegal sentence, defendant must appeal sentence directly or file motion to correct sentence).

As to the petitioner's claim of cause and prejudice, the court concluded that the petitioner could not overcome his procedural default due to the ineffective assistance of his trial counsel. The court determined that the viability of the petitioner's due process claim was linked to the viability of his claim of ineffective assistance. The petitioner alleged that his trial counsel's assistance was ineffective because at sentencing counsel did not object to the 1999 report. Moreover, the court found that the factual basis of his ineffective assistance claim was readily available at the time the petitioner filed each of his three prior petitions for a writ of habeas corpus and that none of the factual allegations in the fourth petition was newly discovered evidence. The court found that the petitioner previously could have raised and litigated the ineffective assistance of counsel claim premised on his due process claim. See *McCue* v. *Birmingham*, 88 Conn. App. 630, 635–36, 870 A.2d 1126 (res judicata/claim preclusion bars any claim that could have been raised in prior proceeding), cert. denied, 274 Conn. 905, 876 A.2d 14 (2005). The court, therefore, concluded that the petitioner was barred on the basis of res judicata from again attacking the representation of his trial counsel. The court also concluded that the claim of ineffective assistance was successive and an abuse of the writ of habeas corpus. The court therefore dismissed the fourth petition.

Judge Young also denied the petitioner's request for certification to appeal. The petitioner appealed, claiming that the fourth habeas court (1) abused its discretion by failing to grant certification to appeal, and (2) improperly dismissed his fourth petition for a writ of habeas corpus.

## II

### DENIAL OF CERTIFICATION TO APPEAL

On appeal the petitioner claims that the habeas court abused its discretion by failing to grant certification to appeal. We disagree and, therefore, dismiss the appeal.

We begin with the well known standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"To determine whether the court abused its discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Pierce* v. *Commissioner of Correction*, supra, 100 Conn. App. 9–10.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000).

The petitioner claims that Judge Young improperly determined that (1) his due process claim was inextricably linked to the viability of his ineffective assistance claim, and (2) his ineffective assistance claim was barred by res judicata. We disagree.

### A

The petitioner claims that the court abused its discretion when it denied certification to appeal by improperly determining that he had failed to demonstrate cause and prejudice sufficient to overcome the respondent's affirmative defense of procedural default with respect to his due process claim. We agree with the reasoning of the fourth habeas court.

An appellate court's review of a determination of the application of procedural default involves a question of law over which our review is plenary. *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008).

Our Supreme Court has stated that "[i]n discussing the principles that govern review of a respondent's affirmative defense that a habeas claim is procedurally defaulted, we have recognized that, as a general rule, [t]he appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal *and* actual prejudice resulting from the impropriety claimed in the habeas petition." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 567.

"[T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . [For example] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials . . . would constitute cause under this standard. . . . A court will not reach the merits of the habeas claim when the petitioner fails to make the required showing." (Citations omitted; internal quotation marks omitted.) Id., 568.

In the present case, Judge Young determined that the petitioner's due process claim was intertwined with his ineffective assistance claim and could have been raised in the first petition. In his brief on appeal, the petitioner recounts facts that occurred during trial: he refused to sign a waiver for his psychiatric records, his trial counsel knew that the 1999 report contained the petitioner's psychiatric records and that the petitioner objected to the inclusion of the records in the 1999 report, trial counsel refused to raise the petitioner's objection, and trial counsel believed that there was no legal basis to exclude the petitioner's psychiatric records in the 1999 report. The petitioner further argues that trial counsel's belief that there was no legal basis to object to the 1999 report constituted ineffective assistance because his records are protected by §§ 52-146d and 52-146e. He also argues that had trial counsel made Judge Gaffney aware of the "illegally obtained information," a new sentencing report could have been ordered.

We conclude that the petitioner's argument is without merit. The question before Judge Young was not the legal question of whether the petitioner's psychiatric records were improperly included in the 1999 report, but whether the factual basis of what transpired at trial

was known to the petitioner at the time he filed his direct appeal or his petition for sentence review. The petitioner was present at trial. He knew that he had not signed the waiver, and he knew that his trial counsel did not object to the 1999 report. The facts were within the petitioner's personal knowledge, and they were not withheld from him by some external force. The petitioner's due process claim, therefore, could have been raised on direct appeal or he could have alleged the ineffective assistance of trial counsel predicated on that legal claim in his first petition. The court, therefore, properly determined that the petitioner failed to overcome the respondent's affirmative defense of procedural default.

## B

The petitioner also claims that the habeas court abused its discretion wen it denied certification to appeal by concluding that his ineffective assistance claim was barred by the doctrine of res judicata. We conclude that the habeas court did not abuse its discretion by denying certification to appeal.

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made *or which might have been made*." (Citations omitted; emphasis added; footnote omitted.) *Wade's Dairy, Inc.* v. *Fairfield*, 181 Conn. 556, 559–60, 436 A.2d 24 (1980). "A cause of action is that single group of facts that is claimed to have brought about an unlawful injury to the plaintiff and that entitles the plaintiff to relief." *McCue* v. *Birmingham*, supra, 88 Conn. App. 636.

"The doctrine [of res judicata] . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding." (Internal quotation marks omitted.) *Diaz* v. *Commissioner of Correction*, 125 Conn. App. 57, 64–65, 6 A.3d 213 (2010), cert. denied, 299 Conn. 926, 11 A.3d 150 (2011).

There is no dispute that the petitioner alleged the

ineffective assistance of trial counsel in each of his three prior petitions for a writ of habeas corpus. There also is no dispute that the petitioner was aware of the content of the 1999 report at the time he was sentenced.[11] In paragraph 37 of his amended fourth petition, the petitioner alleged that his claim that the 1999 report improperly incorporated his psychiatric treatment records was raised in his motion to correct illegal sentence. The petitioner, however, claims that there were new facts before Judge Young, namely, the trial transcript from the trial on the first habeas petition. The petitioner claims that the transcript demonstrates that trial counsel knew of the petitioner's refusal to sign the waiver to release his psychiatric records and that counsel refused to object to the 1999 report at sentencing. Regardless of what the transcript of the first habeas trial demonstrates, its contents cannot constitute newly discovered facts. The petitioner was there and had first-hand knowledge of what transpired.[12] Despite this prior knowledge of his trial counsel's alleged deficiencies, the petitioner did not allege the ineffective assistance of trial counsel on the due process grounds alleged in the fourth petition.[13]

Practice Book § 23-29 provides in relevant part that "[t]he judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . (5) any other legally sufficient ground for dismissal of the petition exists."

In this case, the petitioner's ineffective assistance claim is predicated on counsel's failure to object to the inclusion of his psychiatric records in the 1999 report, which is the basis of his due process claim. As discussed in part II A of this opinion, the petitioner knew of counsel's alleged deficiency at the time he was sentenced. Judge Young, therefore, properly concluded that the fourth petition was not predicated on newly discovered evidence.

Our conclusion that the fourth petition is not grounded in newly discovered evidence, does not end our analysis. As we stated at the beginning, "a petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief." *McClendon* v. *Commissioner of Correction*, supra, 93 Conn. App. 231. We therefore must consider whether the petitioner is seeking a form of relief that he has not pursued in one of his prior petitions.

"Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . They raise, however, the same generic legal basis for the same relief. Put differently, two grounds are not identical if they

seek different relief. . . . Simply put, an applicant must show that his application does, indeed, involve a different legal ground, not merely a verbal reformation of the same ground." (Citations omitted; internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 393–94, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012). The next question is whether the relief the petitioner sought in his fourth petition is different from that which he sought in a prior petition. We conclude that there is no difference.

The third petition alleged in five paragraphs the relief he was seeking. The fourth petition alleged in seven paragraphs the relief he was seeking. "[The] purpose of pleadings is to frame, present, define, and narrow the issues and to form the foundation of, and to limit, the proof to be submitted on the trial . . . . The construction of pleadings is a question of law over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *Perez* v. *Cumba*, 138 Conn. App. 351, 367, 51 A.3d 1156, cert. denied, 307 Conn. 935, 56 A.3d 712 (2012). On the basis of our plenary review of the relief sought in the petitioner's third and fourth petitions, we conclude that the essence of the relief sought is the petitioner's desire to be relieved of the sex offender classification and registration requirement. Moreover, in addition to the otherwise similar allegations of relief sought, paragraph 4 of the third petition's prayer for relief is identical to paragraph 6 of the fourth petition's prayer for relief.[14] The petitioner, therefore, has filed successive petitions for a writ of habeas corpus grounded in the ineffective assistance of counsel for which he sought to have his classification as a sex offender vacated.

On the basis of our review of the record and the fourth habeas court's memorandum of decision, we conclude that the court did not abuse its discretion in denying the petitioner certification to appeal. The record demonstrates that the allegations against the petitioner's trial counsel in the fourth petition are successive and constitute an abuse of the writ, as determined by the fourth habeas court. See Practice Book § 23-29 (a).

The appeal is dismissed.

In this opinion KELLER, J., concurred.

[1] Because we conclude that the fourth habeas court did not abuse its discretion by denying the petitioner certification to appeal, we need not address the petitioner's second claim.

[2] General Statutes (Rev. to 1999) § 54-254 (a) provides in relevant part: "Any person who has been convicted . . . in this state on or after October 1, 1998, of any felony that the court finds was committed for sexual purposes, may be required by the court upon release into the community to register his name, identifying factors, criminal history record and residence address with the Commissioner of Public Safety . . . ."

[3] The 1999 report was prepared by Maureen Klinkert, a probation officer. To facilitate her preparation of the 1999 report, Klinkert had asked the petitioner to sign a consent form permitting her to obtain his psychiatric

treatment records. The petitioner refused. The petitioner, however, had signed a consent form permitting Klinkert to obtain his psychiatric treatment records when she was preparing a 1996 presentence investigation report (1996 report) in an unrelated matter. Klinkert used the information regarding the petitioner's psychiatric treatment in the 1996 report when she prepared the 1999 report. The petitioner's psychiatric treatment records contained a prognosis that he was at "high risk of committing sexual and aggressive offenses, that he had been sexually abusing children since he was nine years old, that he had been diagnosed as a developing pedophile and sexual sadist and that he had borderline antisocial personality traits." *State* v. *Pierce*, 129 Conn. App. 516, 519, 21 A.3d 877, cert. denied, 302 Conn. 915, 27 A.3d 368 (2011).

[4] Judge Gaffney concluded, "on the basis of the evidence presented at trial, that the [petitioner's] purpose in his actions with regard to . . . kidnapping in the second degree . . . [was] to sexually assault the victim . . . when he forced her at knifepoint to drive to a secluded area . . . off a main road and onto a dirt road, which led to apparently nowhere. . . . And [the victim], as I recall, was directed to bring the car to a stop and ordered out of the car, still at knifepoint, and to accompany the [petitioner] to a wooded area. . . . [T]he [petitioner's] claim that . . . in . . . directing her into the wooded area . . . he merely was attempting to make easier his escape and the victim's detection in what direction he was traveling . . . *is entirely implausible*. It's the court's finding that . . . the kidnapping in the second degree was committed for sexual purposes, pursuant to § 54-254." (Emphasis added; internal quotation marks omitted.) *State* v. *Pierce*, supra, 269 Conn. 447 n.4.

A reviewing court "may not retry the case or pass on the credibility of witnesses. . . . [A reviewing court] must defer to the [finder] of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor, and attitude. . . . Credibility determinations are the exclusive province of the . . . fact finder, which we refuse to disturb." (Citation omitted; internal quotation marks omitted.) *State* v. *Gene C.*, 140 Conn. App. 241, 246–47, 57 A.3d 885, cert. denied, 308 Conn. 928, 64 A.3d 120 (2013).

[5] During the sentence review hearing, the petitioner "*addressed the panel and expressed concern for what he believes was the improper use of confidential information obtained through a release* [*he*] *executed* . . . ." (Emphasis added.) *State* v. *Pierce*, supra, Superior Court, Docket No. CR-98-177629 (*Holden*, *Miano* and *Iannotti*, *Js.*). The sentence review panel found that "[t]he gravamen of the petitioner's claim is that the trial court's reliance on his psychological and social history and not the nature of the offenses for which he was convicted was inappropriate and as a result the sentence imposed should be modified. It is a fundamental sentencing principle that a sentencing judge may appropriately conduct an inquiry broad in scope and largely unlimited either as to the kind of information he [or she] may consider or the source from which it may come. *United States* v. *Tucker*, 404 U.S. 443, 446, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972)." *State* v. *Pierce*, supra, Superior Court, Docket No. CR-98-177629 (*Holden*, *Miano* and *Iannotti*, *Js.*).

[6] Judge Nazzaro quoted our Supreme Court, which has stated that "the issue of whether the imposition of registry requirements pursuant to § 54-254 (a) is a sentence enhancement has been resolved by this court in *State* v. *Waterman*, 264 Conn. 484, 492–93, 498, 825 A.2d 63 (2003), wherein we held that the registration requirement of the statutory scheme known as Megan's Law; General Statutes § 54-250 et seq.; is a separate regulatory incident of the criminal judgment of conviction and therefore the trial court retained jurisdiction, even after the judgment was rendered, with respect to making the finding necessary to trigger the registration requirement. . . . [T]he registration requirement is not punitive in nature, but, rather, is ministerial, and that making the factual finding and informing the [petitioner] of the registration requirement did not necessitate any modification, opening or correction of [his] sentence." *State* v. *Pierce*, supra, 269 Conn. 448 n.5.

Citing *State* v. *Arthur H.*, 288 Conn. 582, 953 A.2d 630 (2008), Judge Nazzaro stated that the petitioner's "registration as a sexual offender does not increase the punishment for the sentence imposed for the kidnapping conviction." *Pierce* v. *Warden*, supra, Superior Court, Docket No. CV-05-4000609-S (*Nazzaro*, *J.*).

[7] Judge Nazzaro also found that the petitioner's appellate counsel had raised a claim that Judge Gaffney improperly ordered the petitioner to register as a sex offender; see *State* v. *Pierce*, supra, 69 Conn. App. 520; but

noted that our Supreme Court had concluded that Judge Gaffney properly ordered the petitioner to register as a sex offender.

[8] Judge Espinosa concluded that, even if she had jurisdiction to consider the merits of the motion to correct, the petitioner could not prevail because, in 1996, he waived his statutory right to the confidentiality of his psychiatric records. *State* v. *Pierce*, supra, Superior Court, Docket No. CR-98-0177629 (*Espinosa*, *J.*). Klinkert was not required to obtain a new waiver of confidentiality from the petitioner to include the information she obtained in 1996 in the 1999 report.

Practice Book § 43-9 provides in relevant part: "The presentence investigation . . . shall be available at all times to the following: (1) The office of adult probation . . . (6) Any court of proper jurisdiction where it is relevant to any proceeding before such court. . . ."

A sentencing court may "appropriately conduct an inquiry broad in scope, [and] largely unlimited either as to the kind of information [it] may consider or the source from which it may come." *United States* v. *Tucker*, 404 U.S. 443, 446, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972).

Of greater significance, however, is Judge Espinosa's determination that the petitioner's psychiatric records were discussed on the record at length by the 1996 sentencing court, *Cofield*, *J.*, when Judge Cofield rejected a plea agreement that would have resulted in a suspended sentence for the petitioner. *State* v. *Pierce*, supra, Superior Court, Docket No. CR-98-0177629 (*Espinosa*, *J.*). "Arrests, indictments, convictions, and sentences are public events that are usually documented in court records." (Internal quotation marks omitted.) *Commissioner of Public Safety* v. *Freedom of Information Commission*, 144 Conn. App. 821, 830, 76 A.3d 185 (2013). Judge Espinosa, therefore, concluded that even if the 1999 report violated the petitioner's statutory right to confidentiality, the error was harmless, as the petitioner's psychiatric records were available to Judge Gaffney independent of the 1999 report.

[9] The respondent attached the following documents to his motion to dismiss: the transcript of the hearing before Judge White on September 18, 2003; Judge Fuger's opinion denying the second petition; Judge Nazzaro's opinion denying the third petition; Judge Holden's opinion regarding sentence review; Judge Espinosa's opinion dismissing the motion to correct an illegal sentence; and the fourth petition pleadings.

[10] "Under [the cause and prejudice] standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . ." (Internal quotation marks omitted.) *Brunetti* v. *Commissioner of Correction*, 134 Conn. App. 160, 168, 37 A.3d 811, cert. denied, 305 Conn. 903, 44 A.3d 180 (2012).

The burden of proving lack of procedural default lies on the petitioner by demonstrating cause and prejudice. *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991).

[11] "The essence of the [petitioner's] claim is that the probation department had no authority to include in the 1999 report the privileged information it had received when preparing the 1996 report, for which the [petitioner] had signed written waivers. He asserts that the privileged information could not be reused by the probation department in preparing a new report." (Footnote omitted.) *State* v. *Pierce*, supra, 129 Conn. App. 525.

"[T]here was no attempt by counsel or by the [petitioner] to alert the court that the [petitioner] had a problem with the report, there was no attempt by counsel or the [petitioner] to request that the alleged improper information be stricken from the report, and there was no denial by the court of any request made by the [petitioner] related to the report. Quite to the contrary, when the [petitioner] indicated that he had not had sufficient time to go over the report with counsel, [Judge Gaffney] called a recess and gave the [petitioner] the time he needed. After the proceedings were reconvened, neither the [petitioner] nor counsel said a word about any problem with the contents of the 1999 report." Id., 526.

[12] The record demonstrates that prior to sentencing, the petitioner refused to sign a waiver permitting Klinkert to obtain his psychiatric records; at the time of sentencing, Judge Gaffney recessed the proceedings to enable the petitioner to review the 1999 report, the petitioner therefore knew its contents; and he was present in court and knew that his trial counsel did not object to the contents of the report. All of the relevant facts were known to the petitioner before he filed his first petition for a writ of habeas corpus.

[13] In his objection to the respondent's motion to dismiss the fourth petition, the petitioner contended that the factual allegations in the fourth petition were new, as he was "presented with additional evidence that was not available to him at the time of his previous habeas actions. The Appellate Court's decision in [*State* v. *Pierce*, supra, 129 Conn. App. 516] was released after the conclusion of his previous habeas trial, [*Pierce* v. *Warden*, supra, Superior Court, Docket No. CV-05-4000609-S (*Nazzaro, J.*)]. The Appellate Court's decision provides the [p]etitioner with additional persuasive evidence to support [his claim of ineffective assistance of trial counsel]." The petitioner's contention is predicated on a false proposition.

Evidence is produced by the parties at the time of trial. The procedural history of trial is captured by the evidence, exhibits, and transcripts of the proceeding. No appellate court may add to that record. An appellate court does not generate evidence, although it may construe the legal consequences of the evidence presented at trial. The procedural history of this appeal demonstrates that each time a judgment has been rendered against him, be it in the habeas court or on his petition for sentence review, or his motion to correct an illegal sentence, the petitioner has snatched a legal conclusion predicated on the facts evident in the trial court record and asserted it as a new claim in a subsequent petition for a writ of habeas corpus. See, e.g., *Turner* v. *Commissioner of Correction*, 118 Conn. App. 565, 568 n.2, 984 A.2d 793 (2009), cert. denied, 296 Conn. 901, 991 A.2d 1104 (2010).

We take this occasion to note, on the basis of our thorough review of the procedural history and all of the judicial opinions underlying this appeal, that the petitioner picks and chooses the evidence and procedural history that he believes will help his cause to avoid having to register as a sex offender when he is released from confinement. For whatever reason, the petitioner ignores significant facts that do not favor him. Specifically, the petitioner continues to ignore Judge Gaffney's finding that his testimony about his intent in taking the victim to a wooded area in East Hartford was *implausible* and that the court found that the petitioner kidnapped the victim for a sexual purpose. Judge Gaffney's credibility determination stands separate and apart from the 1999 report. See footnote 4 of this opinion.

Moreover, the petitioner continues to ignore Judge Espinosa's determination that the inclusion of the petitioner's psychiatric treatment records in the 1999 report was harmless error, if any, because the petitioner's psychiatric treatment was discussed on the record when he appeared before Judge Cofield in 1996. By virtue of the 1996 criminal proceedings, the petitioner's psychiatric treatment records have entered the public domain and are no longer protected by statute. See footnote 8 of this opinion.

[14] The petitioner requested that the habeas court issue a writ of habeas corpus "directing the respondent to release the petitioner from confinement unless the [s]entencing [c]ourt, in *State* v. *Pierce*, [supra, Superior Court, Docket No.] CR-98-0177629 [(*Holden, Miano* and *Iannotti, Js.*)], vacates the order classifying the [p]etitioner as a sex offender, under . . . § 54-254, within [ninety] days or some other certain and reasonable period of time."